DANIEL H. FARB, Plaintiff, *v.* EDWARD J. BORSUK et al., Defendants.

Supreme Court, Trial Term, Queens County, February 19, 1954.

*Samuel G. Rabinor* for plaintiff.

*Arthur V. Lynch* for defendants.

PETTE, J. In this action tried without a jury, for damages for the alleged negligence of the defendants, ownership, operation and control of the respective motor vehicles involved in the accident are conceded. At the time of the accident plaintiff was operating his 1951 Pontiac, two-door sedan; defendant Borsuk was driving the truck of defendant owner Kollor, who was a passenger seated alongside him.

The proof establishes that on October 28, 1952, at approximately 11:30 P.M., plaintiff was proceeding at a moderate rate of speed along Route 23, approximately one-half mile west of the Rip Van Winkle Bridge, on his way to Buffalo, New York. He was accompanied by one Jacob R. Kaplan. Plaintiff came upon a pocket of fog, when suddenly the truck of defendant Kollor appeared in front. The truck was parked across a greater part of the highway, without lights. No warning was given of its presence. The plaintiff swerved to the left to avoid impact; his car crashed into the fence, throwing him out of the car with resulting serious injuries to his body.

The weight of the credible evidence favors the plaintiff as to his own freedom from contributory negligence and the negligence of defendant and as to the nature and extent of the injuries claimed. Plaintiff was confined to the hospital for nine days and to his home for six weeks. The injuries are as follows: fracture of third, fourth and fifth ribs, right; internal derangement of the left knee, with some limitation of motion; laceration of chin requiring four sutures; post concussion syndrome with resulting headaches; lumbosacral sprain; bruises and contusions of both knees, elbows and left wrist with resulting pain. The injuries to the knee, chest and back and the headaches are of a permanent nature.

For his injuries and for his pain and suffering, the court awards plaintiff the sum of $6,000, plus $710.50 for medical and hospital bills, making a total of $6,710.50. The court rejects the plaintiff's claim for loss of earnings as a lawyer, as being speculative and difficult of ascertainment.

Upon the trial, defendant offered proof to offset the claim for medical and hospital bills. The court permitted testimony that plaintiff had been reimbursed for these items under policies of accident and health insurance, subject to a motion to strike out. In the opinion of the court the benefit of plaintiff's insurance policies, under the circumstances, enure solely to him. A tort-feasor cannot avail himself of the benefits of reimbursements which plaintiff received as a result of his own good judgment and foresight in insuring himself against the contingency of accident and ill health. (*Brewster* v. *Silverstein*, 133 N. Y. S. 473; *Gusikoff* v. *Republic Storage Co.,* 241 App. Div. 889; *Seidel* v. *Maynard,* 279 App. Div. 706; *Hinrichs* v. *City Bank Farmers Trust Co.,* 47 N. Y. S. 2d 75; *Merrick* v. *Brainard,* 38 Barb. 574; *Collins* v. *New York Central and Hudson Riv. R. R. Co.,* 5 Hun 503, affd. 71 N. Y. 609; *Briggs* v. *New York Central and Hudson Riv. R. R. Co.,* 72 N. Y. 26.)

The motion of plaintiff to strike the testimony from the record is granted with exception to defendant.

Judgment is directed accordingly. Findings of fact and conclusions of law were waived. Defendant may have thirty days' stay of execution and sixty days to make and file a case.