John F. Scileppi, J.
This is an action for personal injuries and property damage in which summary judgment was previously granted to plaintiff on the question of liability. The trial before this court without a jury was therefore limited solely to the assessment of damages.
On February 28,1959 plaintiff was the owner and operator of a 1949 Buick automobile which, while at a complete standstill, was struck in the rear by defendant’s automobile, causing plaintiff certain personal injuries as well as property damage. Plaintiff testified that the force of the impact pushed his car forward about 25 feet. With this background of how the accident happened, the court turns to the question of damages.
The evidence shows that at the time of the accident, the plaintiff was a bus driver, 52 years of age, employed by the New York City Transit Authority. He sustained, among other injuries, a neck injury which the court finds was not as serious as claimed. Plaintiff received daily 15-minute traction treatments at the Queensboro Medical Group of the Health Insurance Plan Hospital Clinic over a period of six or seven days. At no time was he otherwise hospitalized. He also suffered a fracture of á small finger of the left hand requiring a closed reduction and resulting in some contraction of that finger (110 degrees) which is permanent, but which does not now interfere with his ability to operate a bus as an employee of the Transit Authority. However, he has lost the full use of the finger. The finger was placed in a cast for six weeks, exercise and physiotherapy were prescribed after which it was placed in a splint for about a month. While there was some tenderness of the neck there was no evidence of injury thereto after April 1, 1959. The tenderness and inflammation found in the rig*ht shoulder limited plaintiff’s activities and required a series of heat treatments, but there were no complaints with respect to this injury after April *547 15, 1959. There were no objective findings at all on April 29, 1959. All of the X rays were negative except for the fracture of the finger and none of plaintiff’s injuries confined bim to his home.
Because of his injuries plaintiff was not able to return to work until June 23, 1959, a period of 17 weeks. He was earning $155.14 a week at the time of the accident. His claim for loss of earnings is $2,637.38. He was a member of the Health Insurance Plan and the medical bills, which amounted to $285 for physician’s services and $18.95 for medical supplies, were paid under that plan and plaintiff makes no claim for them. These items are mentioned however, as some indication of the amount of medical services required by plaintiff in connection with the injuries he sustained.
As an employee of the New York City Transit Authority plaintiff, at the time of the accident, had accumulated certain sick leave and time off benefits allowed employees under the rules and regulations of said Authority. This time accrued to the plaintiff over a period of years before the accident. During plaintiff’s disability, his employer paid him the total sum of $2,116.20 in weekly payments equal to the amount of his weekly salary for a period which, under the Authority’s employment schedules, completely utilized all of plaintiff’s accumulated sick leave and time-off benefits. Plaintiff was disabled beyond that time, but received no additional compensation and at the trial it was stipulated that the plaintiff did in fact receive compensation from his employer for all sums except the sum of $521.18.
Defendant contends that the limit of plaintiff’s recovery for loss of earnings is $521.18. Plaintiff contends that he is entitled to recover the full 17 weeks salary and that the defendant may not reduce his recovery by the amount he received from his employer.
It is well settled that in actions for negligence causing personal injuries the damages are not subject to diminution because of money paid a plaintiff by an insurance company under a policy of insurance against accident as compensation for the same injury. The reason for the rule appears to be that plaintiff’s prudent provision against accident, with resultant insurance benefits, does not diminish the wrong done him by the accident nor the liability of the wrongdoer to pay for such wrong. This principle should be applied in this case. Plaintiff, in order to receive compensation from his employer to the extent indicated, surrendered a real, tangible, vested right.
*548 These time benefits could have been used in the future except for the injuries he sustained through the tortious act of the defendant.
Plaintiff, who is still employed as a bus operator for the Transit Authority, now finds himself in the position that if he becomes sick or seeks time off, he cannot require his employer to apply the accumulated time which he had earned but which was completely dissipated, in order to prevent a loss to him of compensation in the event of his disability in the future. Plaintiff had a right to these benefits for future needs as a part of his employment. To deprive him of this right would be inconsistent with all principles of justice.
Accumulation of these benefits was a part of plaintiff’s employment contract to Avhich, of course, defendant was not a party. Plaintiff had an investment in the accumulated benefits. In fact, this Avas a kind of insurance or pension benefit represented by time credit rather than money. I do not believe that the fortuitous circumstance that plaintiff’s employment entitled him to these benefits should inure to the benefit of the defendant where, as in this case, plaintiff was not disabled in the course of his employment or because of illness which occurred in the natural course of events, but was disabled solely because of defendant’s tortious act.
The case of Drinkwater v. Dinsmore (80 N. Y. 390), primarily relied upon by defendant, which held that payments made by or on behalf of his employer on account of wages lost by plaintiff during his disability would bar a recovery for same, is not applicable to the instant case. In that case the employer made voluntary payments of plaintiff’s salary. There Avas no obligation on plaintiff’s part to refund the amount received as salary from his employer nor was the plaintiff there obliged to relinquish the substantial right to sick leave benefits for the wages ■which he received. Plaintiff here Avould not have received compensation during his disability without foregoing these benefits.
This court therefore holds that the moneys received by the plaintiff here in exchange for his sick leave and time-off benefits cannot be regarded as wages or used in diminution of damages and that he is entitled to recover his salary for the entire period of his disability. (Seidel v. Maynard, 279 App. Div. 706.) Moreover, plaintiff is entitled to recover his salary on a gross pay basis in the computation of damages. (Hall v. Chicago North Western Ry., 5 Ill. 2d 135, 149; Stokes v. U. S., 144 F. 2d 82.)
*549 Accordingly, the court finds that the plaintiff is entitled to recover the sum of $4,000 for personal injuries, the sum of $100 for property damage and the sum of $2,637.38 for loss of earnings.
Judgment is granted in favor of the plaintiff against the defendant in the sum of $6,737.38.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.