Daniel DE PAULIS and Kenneth Roy, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 19657.

United States District Court
E. D. New York.
Jan. 9, 1961.

Samuel J. Moskowitz, New York City, for plaintiffs.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., Lawrence Levine, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

BRUCHHAUSEN, Chief Judge.

The plaintiffs, New York City policemen, instituted this action to recover damages for personal injuries, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

Although in answer to an interrogatory they disclaimed financial loss of salary, at the pre-trial of this action they asserted a claim therefor and the issue was thereupon submitted by the parties for determination.

It appears that the Police Commissioner is empowered by the New York City Administrative Code to make rules and

**8**

regulations for the payment of salary to police officers, injured and disabled in the line of duty, and that the plaintiffs received their regular salaries, while disabled.

The case of D'Amico v. Resnik, 22 Misc.2d 545, 197 N.Y.S.2d 826, is not in point. The wages were not paid to the above mentioned plaintiffs pursuant to an insurance contract for which they paid premiums nor did they lose "sick leave" or other benefit.

The case of Drinkwater v. Dinsmore, 80 N.Y. 390, is applicable, holding, in substance, that an injured claimant may not claim that the defendant's wrong caused him to lose wages where the claimant's employer paid such wages.

Accordingly, I hold that the plaintiffs sustained no loss of salary and may not be awarded damages therefor in this action.