James J. Conroy, J.
This is an action brought by the administrator of the goods, chattels and credits of Anton Lehr, Jr., deceased, to recover damages for his alleged wrongful death. The decedent was a police officer employed by the defendant. The complaint alleges that in the course of his employment the decedent occupied a radio patrol car supplied by the defendant and that while in that car he was caused to be asphyxiated by carbon monoxide gas which caused his death. The complaint further alleges that the decedent left him surviving his mother, father (the plaintiff herein), a brother and a sister and that the *954 said survivors were dependent upon him for their support and maintenance and have been damaged by his death in the amount of $350,000.
The defendant in its answer interposed inter alia two defenses which the plaintiff now moves to strike on the ground that they are irrelevant, redundant, unnecessary and prejudicial to a fair trial of the action and also that they are insufficient in law.
The first defense sought to be stricken, set forth in paragraph “ seventh ” of the answer, alleges as a complete defense that the mother of the deceased: “is in the process of receiving the sum of $6181.00 from the Police Department of the City of New York, which constitutes a year’s salary of the deceased; that the said Eleanor Lehr now receives and she has received the sum of $3090.50 per year, effective April 19, 1960, which constitutes one-half of the salary of the deceased and that she will receive the same during her natural life, which pension and sum were granted by the Pension Fund of the Police Department of the City of New York, and that the plaintiff herein, Anton Lehr, has received the sum of $1577.47 which represents pension contributions made by the deceased from the Pension Fund of the Police Department of the City of New York as a result of the injuries and death, sued for herein, which sums and pension in legal effect act as a bar to this action. ’ ’ In the second defense sought to be stricken, set forth in paragraph “ eighth,” the defendant as a partial defense in mitigation of damages, pleads the same facts by reference.
The defendant argues in opposition to the motion that section 132 of the Decedent Estate Law is the only basis for an action for wrongful death and that said section limits the damages that may be awarded to the plaintiff to the amount of pecuniary loss sustained by the next of kin by reason of the decedent’s death. It further argues that the pension received by the decedent’s mother bars an action for his wrongful death or in any event the amount of the pension should be deducted from the amount of damages that may be awarded to the plaintiff.
In the opinion of the court, the complete defense alleged in the seventh paragraph is palpably insufficient. It would be entirely unreasonable to permit a defendant to bar an action against itself by reason of its payment of a pension which it is legally required to pay. In addition, defendant cannot plead the amount of pension contributions made by the decedent himself to the pension fund in mitigation of damages. Such contributions by the decedent would seem to be no different than investments or payments made by the decedent into a bank account in bis name and bequeathed to his kin. Such *955 moneys received by the next of kin of a decedent have long been held not to diminish the pecuniary loss for his death sustained by them. (Closson v. Griffith, 219 App. Div. 163, affd. 245 N. Y. 552; Terry v. Jewett, 78 N. Y. 338, 345.)
The remaining allegations in paragraph “ eighth ” present more difficulties, however. The question presented there, viz., whether pension payments made to the mother of the decedent by the defendant should be considered in mitigation of the damages sustained by the next of kin of the decedent, is apparently one of first impression in this State. The rule is clear, however, that in an action against a third person that third person may not plead pension payments in mitigation of damages. (Healy v. Rennert, 9 N Y 2d 202; Geary v. Metropolitan St. Ry. Co., 73 App. Div. 441.) In other jurisdictions, the same result has generally been reached where the defendant itself was paying the pension. (Devine v. City of Chicago, 172 Ill. App. 246, 254; 75 A. L. R. 2d 886, 891.) The rationale behind these decisions apparently is that such pension payments are compensation for past services of the decedent and should not enure to the benefit of the wrongdoer, just as insurance proceeds do not enure to the benefit of the wrongdoer. (Seidel v. Maynard, 279 App. Div. 706; Petteys v. Bullard, Reagan & Stafford, Inc., 269 App. Div 919; D’Amico v. Resnik, 22 Misc 2d 545; Farb v. Borsuk, 205 Misc. 448.)
It is nowhere alleged in the paragraphs sought to be stricken that the defendant would not have made the pension payments if it were not guilty of neglect and it is implicit in these paragraphs that the pension payments would have been made even if the defendant’s death were caused solely by a third person. Also, there is no allegation in these paragraphs that the pension payments were made in settlement of the claim of the plaintiff.
The court is accordingly of the opinion that the allegations in paragraphs “ seventh ” and “ eighth ” are insufficient both as complete or as partial defenses in mitigation of damages and that to allow any proof with respect thereto would be prejudicial to the plaintiff. The motion is granted and paragraphs seventh and eighth of the answer are stricken therefrom.