Froessel, J.
On July 5, 1957 plaintiff sustained a whiplash injury when his automobile was struck in the rear by a motor vehicle driven by defendant. Inasmuch as plaintiff is a practicing physician and surgeon, he received medical treatment, physiotherapy and care from his professional colleagues and his nurse, and incurred no out-of-pocket expenses therefor. Nevertheless, in his bill of particulars, he stated that his special damages for medical and nursing care and treatment amounted to $2,235. The trial court ruled that the value of these services was not a proper item of special damages, and that no recovery could be had therefor since they had been rendered gratuitously. He thus excluded evidence as to their value. The sole question here presented is the correctness of this ruling.
In the leading case of Drinkwater v. Dinsmore (80 N. Y. 390) we unanimously reversed a plaintiff’s judgment entered upon a jury verdict, because defendant was precluded from showing that plaintiff had been paid his wages by his employer during the period of his incapacitation. We held such evidence admissible on the theory that plaintiff was entitled to recover only his *374 pecuniary losses, of which wages gratuitously paid were not an item. With respect to medical expenses, we stated (p. 393) that “ the plaintiff must show what he paid the doctor, and can recover only so much as he paid or was bound to pay ”, Although decided more than 80 years ago, the Drinhwater case has continuously been and still is recognized as the prevailing law of this State (Clarke v. Eighth Ave. R. R. Co., 238 N. Y. 246, 253; De Paulis v. United States, 193 F. Supp. 7, 8 [1961]; Leon v. United States, 193 F. Supp. 8,13 [1961]; 13 N. Y. Jur., Damages, § 151, p. 657; 2 Clark, New York Law of Damages, § 603, p. 1051).
As recently as 1957, the Legislature declined to enact a proposed amendment to the Civil Practice Act, the avowed purpose of which (1957 Report of N. Y. Law Rev. Comm., p. 223) was “ to abrogate the rule of Drinkwater v. Dinsmore, 80 N. Y. 390 (1880) and to conform New York law to the rule followed in most states that payments from collateral sources do not reduce the amount recoverable in a personal injury action.” The proposed legislation (Sen. Int. No. 264, Assem. Int. No. 361) was supported by a comprehensive study of the Law Revision Commission (1957 Report, pp. 225-255), which criticized the New York rule as “ unfair, illogical and unduly complex ” (id., p. 227). The Legislature and not the judiciary is the proper body to decide such a policy question involving the accommodation of various interests. We should not now seek to assume their powers and overrule their decision not to change the well-settled law of this State. No matter what may be the rule in other jurisdictions, Drinhwater is still the law in this State.
We find no merit in plaintiff’s contention that the medical and nursing services for which damages are sought were supported by consideration. Plaintiff testified that he did not have to pay for the physiotherapy, and his counsel confirmed the fact that “ these various items were not payable by the doctor nor were they actual obligations of his, and that he will not have to pay them ”.
Plaintiff’s colleagues rendered the necessary medical services gratuitously as a professional courtesy. It may well be that as a result of having accepted their generosity plaintiff is under a moral obligation to act for them in a similar manner should his services ever be required; such need may never arise, however, and in any event such a moral obligation is not an injury *375 for which tort damages, which ‘ ‘ must be compensatory only ’ ’ (Steitz v. Gifford, 280 N. Y. 15, 20), may be awarded. A moral obligation, without more, will not support a claim for legal damages. In our recent decision in Cariello v. City of New York (11 N Y 2d 788) we rejected the claims for salary differentials by Justices and former Justices of the Municipal Court of the City of New York despite the fact that the statute authorizing the presentment of such claims expressly stated that “ The payment of any such claim shall be deemed payment as a moral obligation of such city or county ” (L. 1955, ch. 842).
We are also told that the physiotherapy treatments which plaintiff received from his nurse consumed approximately two hours per week, and that they were given during the usual office hours for which she received her regular salary. Plaintiff does not claim that he was required to or in fact did pay any additional compensation to his nurse for her performance of these duties, and, therefore, this has not resulted in compensable damage to plaintiff.
Finally, we reject as unwarranted plaintiff’s suggestion that our decision in Healy v. Rennert (9 N Y 2d 202, 206) casts doubt on the continued validity of the Drinkwater rule in a case such as the instant one. In Nealy, we held that it was error to permit defendants to establish on cross-examination that plaintiff was a member of a health insurance plan and that he was receiving increased disability pension benefits. In that case, however, the plaintiff had given value for the benefits he received; he paid a premium for the health insurance, and had worked for 18 years, in order to be eligible for the disability retirement benefits. We were not confronted with — and did not attempt to pass upon—a situation where the injured plaintiff received wholly gratuitous services for which he had given no consideration in return and which he was under no legal obligation to repay. In short, insurance, pension, vacation and other benefits which were contracted and paid for are not relevant here. Gratuitous services rendered by relatives, neighbors and friends are not compensable.
This is not a case such as Woods v. Lancet (303 N. Y. 349) or Bing v. Thunig (2 N Y 2d 656) where we declined to perpetuate harsh rules of law found not to be in “ accordance with present day standards of wisdom and justice” (Woods v. *376 Lancet, supra, p. 355), and which completely denied relief to an injured plaintiff. It would hardly be fair in a negligence action, where damages are compensatory and not punitive, to change the Drinlcwater rule of long standing in the face of the Legislature ’s refusal to do so, and to punish a defendant by requiring him to pay plaintiff for a friend’s generosity. If we were to allow a plaintiff the reasonable value of the services of the physician who treated him gratuitously, logic would dictate that the plaintiff would then be entitled to the reasonable value of such services, despite the fact that the physician charged him but a fraction of such value. Such a rule would involve odd consequences, and in the end simply require a defendant to pay a plaintiff the value of a gift.
The judgment appealed from should be affirmed.