**218 A.2d 373.**

Carmelina Oddo *vs.* Jeannette M. Cardi.
Vincent J. Oddo, Sr. *vs.* same.

March 28, 1966.

Present: Roberts, C. J., Paolino and Joslin, JJ.

ROBERTS, C. J. These actions of trespass on the case for negligence were brought to recover damages for injuries alleged to have been sustained by the plaintiffs as a result of a motor vehicle collision. The cases were tried together to a justice of the superior court sitting with a jury, and a verdict in each case was returned for the plaintiff. The defendant's motion for a new trial in each case was denied, and the defendant is now in this court prosecuting her bills of exceptions.

It is not disputed that plaintiffs, who are man and wife, were passengers in an automobile owned by defendant and operated by her on South County Trail, so called, in the town of North Kingstown. The defendant's motor vehicle

was proceeding south in the southbound lanes of said highway and came into collision with a motor vehicle operated by Warren H. Stutts, which had been proceeding in a northerly direction in the northbound lanes of said highway. It is conceded that the Stutts car swerved out of control and crossed from the northbound lanes into the southbound lanes of said highway where it came into collision with the motor vehicle of defendant.

Turning first to defendant's contention that the trial justice erred in denying her motion for a directed verdict, we are constrained to conclude that it is without merit. She argues that the evidence discloses a situation in which she was under no legal duty to anticipate that the Stutts car would leave the northbound lane and cross over to the southbound lane of the highway. It is true that the operator of a motor vehicle is under no duty to anticipate that the operator of a vehicle approaching from the opposite direction may suddenly turn and cross over to the side of the highway upon which he is operating.

The rule is well stated in *Rawding* v. *Lonsdale Bakery Co.*, 71 R. I. 50, at page 54: "Until it became reasonably apparent that the automobile was going to cross the center line of the highway, the defendant had the right to assume that its driver would observe the rules of the road and that he would not act in disregard of his own safety and the safety of others by cutting across the path of the truck, which was in plain view and but a relatively short distance away." There the court held that a motion to nonsuit was properly granted, the evidence disclosing that the plaintiff's automobile turned and crossed the highway in front of the defendant's truck when they were about 50 feet apart. See also *Lamarque* v. *Masse*, 76 R. I. 382.

The defendant testified that she saw the Stutts car spin across the road into the southbound lanes, slammed on her brakes, and that the impact occurred after her car had come to a stop or at least after its speed had been reduced to

about 5 miles an hour. If this testimony stood uncontra-
dicted, the trial court might well have been required to
grant her motion for a directed verdict. However, the testi-
mony of Dr. Oddo is in conflict with this version as to what
happened and put before the jury testimony that the Stutts
car began to spin across the highway when defendant's car
was still about 600 feet away from it and that some five,
six, or seven seconds elapsed before impact.

The jury obviously could have accepted the version so
testified to by Dr. Oddo and, if it did so, the cases, in our
opinion, would differ completely from *Rawding* v. *Lonsdale
Bakery Co., supra.* In this state of the evidence there was
a clear question for the jury as to whether defendant in
all the circumstances was in the exercise of due care after
having observed the erratic change in direction of the
Stutts car.

On the issue of the duty to exercise due care in a sudden
emergency, the court charged in part: "On the other hand,
leaving aside the question of whether or not she should turn
left or right, we come to the problem of applying the brakes.
Now, that is not a matter of choice. You don't have a choice
within this rule of applying or not applying the brakes
because if you don't apply the brakes, there is going to be
a collision, obviously you are not excused by the latter part
of the rule of applying or not applying the brakes." The
defendant construed this as an instruction to the jury that
a failure to apply the brakes in the emergency that con-
fronted this defendant would constitute negligence on her
part as a matter of law and argues that such is an erroneous
statement of the law and is prejudicial error in the circum-
stances.

If we concede the quoted instruction to be erroneous, it
was followed immediately by an instruction of the test for
negligence in sudden emergencies. which defendant con-
cedes was a correct instruction on that doctrine. What she
argues fundamentally is that in *Rossi* v. *Ronci,* 59 R. I. 307,

an erroneous instruction is not to be rendered harmless by the fact that in another part of the charge the law is stated correctly absent some effective cautionary instruction by the court as to the invalidity of the erroneous portion of the instruction.

The real question raised here, in our opinion, is whether the incorrect instruction was in fact inconsistent with the instruction that is conceded to state the rule correctly. It is obvious that a patent inconsistency between the two instructions would leave this court unable to ascertain on which of them the jury made its finding of negligence or, as we said in *Rossi* v. *Ronci, supra,* at page 316: "* * * this requested part of the charge was not given to the jury in such a way as to show that it superseded previous parts of the charge that were inconsistent with it, and we cannot tell which of the two inconsistent sets of instructions the jury followed."

We are unable to agree that the jury was instructed so clearly that defendant's failure to have applied the brakes of her car would constitute negligence as a matter of law as to be manifestly inconsistent with the correct instruction which was given immediately thereafter. In this the court instructed the jury very clearly as to when defendant became obligated to exercise reasonable care to avoid a collision after observing the erratic course of the Stutts car and as to the character of conduct required to discharge that duty. The trial justice then went on to instruct the jury that it was for it to find that such conduct on her part was, in the circumstances, negligence, that is, the conduct was not that of a reasonably prudent person in the circumstances with which she was confronted when the Stutts car swerved into the southbound lanes. We do not perceive that the court's reference to a possible failure on defendant's part to make any application of the brakes of her car, when viewed in the context of the whole charge,

was so inconsistent with the correct instruction as to constitute prejudice.

We see no merit in exceptions taken to that portion of the charge wherein the court instructed the jury, in substance, that violations of the statutory rules of the road "may" be taken as evidence of negligence. We are unable to agree with defendant's contention that the court, in so charging, misconstrued the statutes in question. On the question of the statutory requirement that a vehicle's speed be reduced in specified circumstances, the court said: "* * * but every person driving upon the highway is charged with driving a motor vehicle within that posted speed limit, but also at a reasonable rate of speed considering all the circumstances then and there present and some of the circumstances are * * *." The court went on to recite certain of the statutory circumstances in which an appropriate reduction in speed is required and instructed the jury that if it found that defendant had failed to reduce speed in such circumstances, it could take such a violation "as evidence of negligence." The court did not instruct the jury that such a violation constituted evidence of negligence but only that the jury could consider it to be such evidence.

The court charged also that the operator of a motor vehicle is required to operate in the "extreme righthand lane" except when passing another vehicle. The defendant argues strenuously that this constituted prejudicial error. We are unable to agree. It is to be conceded that the statement of the rule of law is lacking in precision, but that it prejudiced defendant in these circumstances we cannot agree. The defendant testified that she had been operating her car just prior to the accident partly in the right-hand lane and partly in the passing lane of the southbound lanes. There is nothing in the instruction, as we read it, that requires the jury to find that this operation of defendant's vehicle did not constitute operation in the extreme right-hand lane sufficient to comply with the pertinent rule of

the road. In addition, the court again made it clear that such operation, if found not to comply with the rule of the road, could be taken by the jury as evidence of negligence, and the jury was not precluded from holding that it did not constitute evidence of negligence. In such circumstances we are unable to agree that the instruction, if imprecise, prejudiced defendant.

The defendant excepted also to the court's ruling that the jury was not to reduce damages awarded to plaintiffs by the value of the medical services rendered them gratuitously by other physicians. Generally in tort actions where it is shown that benefits have been received by the plaintiff from sources collateral to the defendant, they are not to be considered by the jury as a foundation for reducing the damages to be awarded to the plaintiff. In this state the collateral source doctrine has been applied in its most comprehensive sense. In *Perry* v. *New England Transportation Co.,* 71 R. I. 352, on the issue of the scope of the collateral source doctrine, this court said at page 359: "The weight of authority in this country is to the effect that, in the absence of a statute to the contrary, the amount of recovery from a third person who is responsible for a person's injury is not affected by the mere receipt by the plaintiff of wages or salary from his employer for the period of his injury *or a gratuity from a collateral source independent of the defendant.*" (italics supplied) It is our opinion that the rule as thus stated is sufficiently broad to include the gratuitous rendition of medical services.

The defendant has urged upon us that the view taken in *Coyne* v. *Campbell,* 11 N.Y.2d 372, is the more sound approach to the problem. We are aware that in that case a majority of the court concluded that such gratuitous medical services could be used by a defendant to reduce damages. However, in a dissent, speaking of the collateral source doctrine, Judge Fuld said at page 378: "The rationale underlying the rule is that a wrongdoer, responsible for injuring

the plaintiff, should not receive a windfall. Were it not for the fortuitous circumstance that the plaintiff was a doctor, he would have been billed for the medical services and the defendant would have had to pay for them. The medical services were supplied to help the plaintiff, not to relieve the defendant from any part of his liability * * *." We think the reasoning thus stated warrants our continued adherence to the majority view on this issue, and the exception must be overruled.

The defendant excepted also to the denial of her requests that the jury be instructed that in assessing the lost earnings of plaintiff Vincent J. Oddo it consider the mitigating effect of the application thereto of future federal income taxation. Whether damages which reflect lost earnings in personal injury cases should be mitigated on the basis of exemption thereof from federal income tax is before us for the first time. It is a matter, however, that has been considered at length by a number of courts, and the weight of authority appears to support the view that it is not proper to submit to a jury the question of the effect on such gross earnings of the federal income tax.

This view has been adopted by the various courts on diverse grounds but primarily on the ground that the quantum of such taxation is of necessity in the realm of conjecture. It is our opinion that this basic reason is well stated in *Hall* v. *Chicago & N.W. Ry.*, 5 Ill.2d 135. There the court said at page 152: "We are of the opinion that the incident of taxation is not a proper factor for a jury's consideration, imparted either by oral argument or written instruction. It introduces an extraneous subject, giving rise to conjecture and speculation." Cases from other jurisdictions which support this view are collected in 63 A.L.R.2d 1398, §4. We are constrained to follow the view thus taken by the majority of jurisdictions and hold that these exceptions are without merit.

586

No error inhered in the denial of defendant's motions for new trials. The record discloses that the trial justice exercised his independent judgment in passing on the weight and credibility of the conflicting evidence adduced at trial. It is settled that in such circumstance his decision will not be disturbed by this court on review thereof unless clearly wrong. In *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269, 272, 197 A.2d 305, 307, we said: "The burden is on the defendant to show, in order to prevail on such a motion, that the trial justice either overlooked or misconceived some relevant and material evidence on a controlling issue." In the instant cases it is our view that defendant has failed to meet this burden.

We have examined defendant's evidentiary exceptions and find them without merit. First, we cannot agree that she was prejudiced by the exclusion of the testimony that might have been adduced through a state trooper as to the existence of skid marks at the scene of the collision. To find such prejudice, if the exclusion were error, would require a finding that the testimony, if given, would have corroborated that adduced by defendant to establish that she had applied the brakes of her car prior to impact. In all the circumstances it would be mere speculation to conclude that the testimony, if received, would have so corroborated that of defendant and her witnesses.

It is our further opinion that no error inhered in the admission of a statement of an attending physician as to the value of such services as he rendered the plaintiff Vincent J. Oddo. This because we take the view that under the collateral source doctrine the value of such services, even when performed gratuitously, is admissible to establish the quantum of the plaintiff's damage.

All of the defendant's exceptions are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Jordan, Hanson & Curran, William A. Curran,* for plaintiffs.

*Hinckley, Allen, Salisbury & Parsons, Guy J. Wells,* for defendant.