David F. Lee, Jr., J.
Defendant moves, in each of the three actions, for leave ‘ ‘ to amend its answer herein and to serve an amended answer to the complaint of the plaintiff.”
The plaintiff in Action No. 3 moves to amend the ad damnum clause of the complaint by increasing the amount set forth in the original complaint, $150,000, to $500,000.
These actions are personal injury actions arising out of a collision of two municipally owned vehicles, a fire vehicle and a police vehicle, on January 3, 1963 or “just prior to midnight on the 2nd day of January, 1963 ” in the City of Elmira. The plaintiff in Action No. 1, a policeman, was operating the police car. The plaintiff in Action No. 2, a fireman, was operating the fire truck. The plaintiff in Action No. 3, a fireman, was riding-in or upon the fire truck at the time of the collision.
*443 Each plaintiff alleges he was employed by the City of Elmira, that he was acting in the performance of his duties, and that the vehicles were being used in the business and purpose of the City of Elmira at the time of the collision.
On these motions the defendant seeks an order in each action to: “ Permit the defendant, City of Elmira, New York, to amend its answer herein and to serve an amended answer to the complaint of the plaintiff * * * pleading as an affirmative defense in mitigation of damages, the payment by the defendant, City of Elmira, New York, of all medical bills of the plaintiff * * * incurred by the plaintiff as a result of injuries sustained in the accident alleged in the complaint, and the payment by the defendant, City of Elmira, New York, of full salary and wages for the period of disability of the plaintiff * * * and further, to plead the obligations of the City of Elmira, New York, to pay all medical and hospital expense as incurred by the said * * * in the future, and all salary and wages to which the plaintiff * * * would be entitled in the future during his period of disability to his normal retirement date, and for such other and further relief as to this Court may seem just and proper. ’ ’
Defendant’s counsel in his affidavit submitted in support of these motions states: ‘ ‘ During the year 1966, it became the law of the State of New York that a defendant, who has furnished to a plaintiff payment of financial loss resulting from accident due to the negligence of the defendant, is entitled to establish that fact in diminution of damages. In the instant ease, the City of Elmira, New York, has paid the medical and hospital expense of the plaintiff * * * and has paid full wage or salary since the date of the accident. Further, that the City of Elmira, New York, is obligated to pay any future medical and hospital expense which may be incurred by the plaintiff * * * in the care and treatment of injuries .sustained in the accident, and to pay him full wage and salary in the future during his future disability up to the date of normal retirement.”
The law referred to by defendant’s counsel in his affidavit is, of course, that stated in Moore v. Leggette (24 A D 2d 891, 892, affd. 18 N Y 2d 864). The Appellate Division, Second Judicial Department, in a memorandum decision in that case said: “ The general rule that a wrongdoer may not claim the proceeds of an insurance policy in mitigation of damages * if * has no application where, as here, it appears that the defendant wrongdoer himself has procured insurance for the benefit of the injured party * * * Where such wrongdoer is a person prudent enough to take out a policy of insurance to indemnify plaintiff *444 and others from the hazards of the use of her automobile, for which she alone paid the consideration, she is entitled to the benefit of such foresight and to reduction in damages to the extent that these have already been defrayed by such policy”.
In Action No. 1 there has been submitted on this motion a copy of ‘ ‘ Local Law No. 4 of 1951 ’ ’ entitled ‘ ‘ A Local Law Amending Article XII of the Charter of the City of Elmira in Relation to the Department of Police, by Adding Sec. 199-a thereto.” The local law provides, in part:
“ 1. Any policeman who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment, shall be paid by the city of Elmira the full amount of his regular .salary or wages until his disability arising therefrom has ceased, or he is retired, and, in addition, the city shall be liable for all medical treatment and hospital care furnished during such disability arising out of his employment.
“2. In the event that any such injury or illness shall be caused by the negligent or tortious act of a third person, and in the event of a recovery by the injured member from such third person, such member shall repay to the City of Elmira the amount of all benefits paid hereunder.”
In Action No. 2 there is no claim, no allegation, as to lost wages, medical or hospital expenses. The complaints in the other two actions do include allegations as to these claims, damages, expenses for medical aid and treatment, and allege that the plaintiff has been prevented from gainful employment, ‘ ‘ and will be prevented from working or following a gainful occupation ” as a result of the injuries received. (See 1957 Report of N. Y. Law Rev. Comm., p. 221 et seq. [Legis. Doc., 1957, No. 65 (G)] on “ Effect of Collateral Payments of Compensation on Recovery for Loss of Earnings in Personal Injury Action”; 1964 Report of N. Y. Law Rev. Comm. [Legis. Doc., 1964, No. 65(H)] on “ The Collateral Source Rule in New York ”; Poniatowski v. City of New York, 14 N Y 2d 76; Cady v. City of New York, 19 A D 2d 822, affd. 14 N Y 2d 660; Coyne v. Campbell, 11 N Y 2d 372; Healy v. Rennert, 9 N Y 2d 202; Drinkwater v. Dinsmore, 80 N. Y. 390; Carroll v. Roman Catholic Diocese of Rockville Centre, 26 A D 2d 552, app. dsmd. 18 N Y 2d 708; Geary v. Metropolitan St. Ry. Co., 73 App. Div. 441; Lehr v. City of New York, 30 Misc 2d 953, affd. 16 A D 2d 702; D’Amico v. Resnik, 22 Misc 2d 545.)
This court concludes that proof or evidence of the payments referred to in the affidavit of defendant’s counsel, and in the notice of motion, is not admissible upon the trial of these actions, *445 whether such damages referred to are alleged or not; defendant’s motion to amend its answers in these actions should be denied. The motion made on behalf of the plaintiff in Action No. 3 to amend the ad damnum clause of the complaint should be granted. No motion costs are awarded.