OPINION OF THE COURT

Per Curiam.

Order entered January 11, 1980 is reversed, with $10 costs, and the jury’s verdict is reinstated.
Plaintiff was a regular customer of the defendant’s supermarket located approximately two thirds of a block from his home. Plaintiff, and ostensibly others, had for a number of years followed the practice of wheeling groceries home in the defendant’s shopping carts which carts would *89 then be left on the street to be picked up by a detail sent out by the defendant for that purpose.
On April 30, 1977 at about 4:30 p.m., plaintiff together with his wife and small child were in the process of wheeling a cart of groceries out of defendant’s parking lot when one Daniel DeMarco, a part-time clerk employed by the defendant, was sent out upon an expedition to retrieve shopping carts from the store’s parking lot and to prevent any carts from going out of the parking lot because of a severe shortage in the store. Mr. DeMarco approached the plaintiff at the periphery of the store’s parking lot for the purpose of carrying out these instructions. An altercation ensued between the plaintiff and DeMarco, and plaintiff brought this action to recover for injuries allegedly incurred in the fight. Specifically, plaintiff asserted one cause of action against the defendant for an assault allegedly committed by its employee and a second cause of action against the defendant for negligence in hiring and training its employees and in failing to promulgate appropriate rules relating to the performance of their duties.
At the conclusion of its charge, the trial court sought a special verdict from the jury and the following questions were asked by the court and answered as indicated by the jury:
“1. Did any negligence on the part of the defendant A&P contribute in any material way to the incident of April 30, 1977?
“Jury: Yes.
“2. Did any negligence on the part of plaintiff Lomonte contribute in a material way to the incident of April 30, 1977?
“Jury: Yes.
“3. Set forth in terms of a percentage, a degree to which the negligence of plaintiff Lomonte and the negligence of the defendant A&P caused the incident of April 30, 1977.
“Jury: Plaintiff Lomonte 75% Defendant A&P 25%
“4. Did an employee of A&P jump on plaintiff in order to cause injury on April 30, 1977?
“Jury: No.
*90 “5. Was that employee in so doing acting within the scope of his employment?
“Jury: No.
“6. Wére the actions of the A&P employee on April 30, 1977 justifiable self-defense against an attack by plaintiff?
“Jury: ifes.
“7. Set forth the damages to which plaintiff is entitled as the result of the incident on April 30,1977, without considering the effect of any negligence (if any) on plaintiff’s part.
“Jury: $800.00.
“8. Are plaintiff’s damages to be reduced because the actions of defendant’s employee were in any way provoked by plaintiff’s words or actions prior to the incident?
“Jury: No.”
Plaintiff moved to set aside the verdict as inadequate. The jury concluded plaintiff had sustained damages in the amount of $800, without taking into account the negligence found on the part of the plaintiff. Factoring in the jury’s finding that the plaintiff was 75% negligent and the defendant only 25% negligent, the actual award to the plaintiff would amount to $200.
The defendant appeals upon the ground that the court should have dismissed the complaint upon the jury’s special findings because the defendant in attempting to stop a patron from taking carts off its premises cannot be held responsible under a negligence theory in the event that patron assaults defendant’s employee. Defendant also argues on appeal that assuming liability can be found, it was error for Trial Term to have set aside the verdict as inadequate.
As to whether the jury’s finding in response to question 6 of the special verdict, that the plaintiff assaulted the defendant’s employee, precludes any recovery by the plaintiff, it should be noted that a distinction has from time to time been made between, on the one hand, plaintiff’s conduct which breaks the chain causation and thereby negates proximate cause and, on the other, plaintiff’s conduct which constitutes contributory negligence (57 Am *91 Jur 2d, Negligence, § 218; cf. Hoitt v Lee’s Propane Gas Serv., 182 So 2d 58 [Fla App], where the court expressed a preference for dealing with questions arising from plaintiff’s conduct under the issue of contributory negligence or assumption of the risk).
With the adoption of CPLR 1411 in 1975 (New York’s comparative negligence statute) the distinction occasionally made between a plaintiff’s conduct breaking the chain of causation and a plaintiff’s conduct constituting contributory negligence appears to have been obviated. CPLR 1411 provides: “In any action to recover damages for personal injury * * * the culpable conduct attributable to the claimant * * *, including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant * * * bears to the culpable conduct which caused the damages.” As Professor Joseph M. McLaughlin has noted in his commentaries to McKinney’s CPLR (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C1411:l, p 386): “CPLR 1411 now directs that the recovery be diminished by the proportion of the plaintiff’s ‘culpable conduct.’ Even if the plaintiff’s conduct constitutes what once was termed ‘gross’ negligence, he may still recover for that portion of his injury that is attributable to the defendant’s conduct. Presumably this- logic may also permit a plaintiff to recover despite his involvement in an intentional wrong.” (Emphasis added.) Although we have found no case in which a plaintiff guilty of an intentional wrong has recovered damages apportioned pursuant to CPLR 1411, we believe the rationale expressed in the above-quoted commentaries to McKinney’s CPLR 1411 is sound and we thus conclude that the plaintiff may recover on the basis of the percentage of negligence which the jury ascribed to the defendant.
We now turn to the question of whether the Trial Term properly vacated the verdict as inadequate. The plaintiff’s testimony as to injuries sustained were confined to the most general complaints of stiffness and pain in his upper back and base of the neck and we find that the record sustains the jury’s conclusion that the plaintiff sustained *92 only modest injuries. Plaintiff’s out-of-pocket expenses amounted to only $72 for doctor bills. He was paid by his employer during his absence from work, and the courts of New York have traditionally permitted the defendant to reduce the damages by showing that the plaintiff’s employer has continued the plaintiff’s wages during the plaintiff’s disability (Drinkwater v Dinsmore, 80 NY 390; Coyne v Campbell, 11 NY2d 372; Stein, Damages and Recovery [1972], § 165, indicating that the New York rule in this regard is that of the minority of jurisdictions and is often criticized). Since the jury’s verdict of $800 is amply supported by the record, we conclude that the court below abused its discretion in setting aside that verdict as inadequate.
Concur: Hughes, J. P., Tierney and Riccobono, JJ.