Maria C. MONIZ

v.

**PROVIDENCE CHAIN COMPANY.**

No. 91–494–M.P.

Supreme Court of Rhode Island.

Jan. 8, 1993.

Charles H. McLaughlin, Groton, CT, for plaintiff.

Peter J. Comerford, John F. Cuzzone, Jr., Quinn, Cuzzone & Geremia, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This matter is before the Supreme Court pursuant to our grant of a petition for the issuance of a writ of certiorari. The employee, Maria C. Moniz (Moniz), seeks review of a Workers' Compensation Court proceeding wherein the Workers' Compensation Appellate Division (appellate division) upheld a decree entered by the trial judge.[1] The trial judge granted the motion of the employer, Providence Chain Co. (Providence Chain), to dismiss Moniz's petition to enforce a decree. For the reasons set forth herein, we affirm the decision of the appellate division.

Moniz filed a petition with the Workers' Compensation Court, W.C.C. 87–7619, following a denial of benefits by a hearing officer. The trial judge made a finding that Moniz sustained a bone fracture in the course of her employment. The trial judge also made a finding of fact concerning Moniz's weekly wage and ordered her employer to pay benefits consistent with his findings.

Providence Chain did not fully compensate Moniz for her medical bills. She subsequently filed a petition, W.C.C. 88–3947, to enforce the earlier decree. At the conclusion of Moniz's case the trial judge granted Providence Chain's motion to dismiss. From that order Moniz appealed to the appellate division. The appellate division affirmed the trial judge.

As a result of her work-related injury, Moniz incurred medical bills totaling $1,401.03. Of that amount she paid $666.93 from her own funds and was reimbursed by Providence Chain's insurer. The balance of $743.10 was paid to Moniz's health-care providers by her private medical insurer. Moniz's insurer waived its right to subrogation. Moniz alleges that Providence Chain owes the $743.10 balance to her and has refused to pay it.

The gravamen of Moniz's argument is that she actually incurred medical expenses of $1,401.03 and is therefore entitled to receive that amount. Her argument is premised upon the collateral source doctrine. Moniz asserts that her private medical insurance constitutes a collateral source. Thus her employer is estopped from relying on the partial payment of her medical bills by her private insurer.

■ The collateral source rule is a well-established principle of Rhode Island law. The rule applies in tort actions when it is demonstrated that benefits have been received by an injured party from sources other than the tortfeasor. *Oddo v. Cardi,* 100 R.I. 578, 584, 218 A.2d 373, 376–77 (1966). It requires the negligent party "to pay in full the damages suffered by the injured person without credit for any amounts received by the injured person from sources independent" of the negligent party. *Colvin v. Goldenberg,* 108 R.I. 198, 202, 273 A.2d 663, 666 (1971). Moniz, however, seeks to apply this elementary rule of damages to the context of workers' compensation.

■ Weekly workers' compensation benefits are a substitute for a worker's weekly salary. *Masi v. A. Gasbarro & Sons, Inc.,* 103 R.I. 136, 140, 235 A.2d 341, 344 (1967). The purpose of making the employer liable for medical costs resulting from work-related injuries is to relieve the employee from having to pay such costs. The benefits are "designed to afford a modicum of economic shelter to one who has sustained an indus-

1. Pursuant to G.L.1956 (1986 Reenactment) §§ 28–29–26, 28–30–2, and 28–35–28, as amended by P.L.1990, ch. 332, the Workers' Compensation Commission is now known as the Workers' Compensation Court. The commissioners are referred to as judges, and the appellate commission is known as the appellate division.

trial injury" by replacing lost earnings. *Geigy Chemical Corp. v. Zuckerman*, 106 R.I. 534, 541, 261 A.2d 844, 849 (1970). As such, the law mandates that an injured employee is to receive weekly compensation benefits to replace the employee's interrupted earnings. G.L.1956 (1986 Reenactment) §§ 28–33–17 and 28–33–18, as amended by P.L.1992, ch. 31, § 5.

■ The collateral source rule ensures that payments made to the employee from sources independent of the employer are not credited against the amount of damages owed to the employee. In a workers' compensation case, however, an employee is not entitled to recover "damages" as a result of an injury. The only time payments are considered to be damages for an injury rather than "compensation" for earning capacity is when they are made in connection with the losses enumerated in § 28–33–19, as amended by P.L.1992, ch. 31, § 5. *Jones v. Grinnell Corp.*, 117 R.I. 44, 47, 362 A.2d 139, 141 (1976). In the context of Moniz's appeal, however, the word "injury" merely refers to her incapacity, for which payment is compensation, irrespective of her private insurance arrangements. *See id.* As the appellate division observed, Moniz was paid the statutory amount for weekly benefits as a result of her lost earning capacity.

Our decision comports with our prior pronouncements regarding the boundaries of workers' compensation law. In *Geigy Chemical Corp.* we assessed a situation in which an injured employee returned to a different type of work but whose postinjury earnings were equal to or greater than the amount he earned prior to injury. Despite a lingering injury we found that the employee's earning capacity had been fully restored and that he was no longer entitled to receive weekly monetary benefits. 106 R.I. at 539–42, 261 A.2d at 848–49. Our *holding* was intended to prevent an employee from reaping a financial bonanza from workers' compensation. *Lupo v. Nursery Originals, Inc.*, 400 A.2d 950, 951 (R.I. 1979); *Geigy Chemical Corp.*, 106 R.I. at 542, 261 A.2d at 849. In the matter before us, payment of the balance of the medical expenses to Moniz would similarly result in a windfall to her in contravention of the purposes of the Workers' Compensation Act.

■ In summary Moniz's compensation payments do not constitute damages from a negligent tortfeasor. Workers' compensation is a wage-replacement scheme. Moniz may not therefore rely on the collateral source rule to obtain personal reimbursement for medical expenses that resulted from her injury. To hold otherwise would weaken the policies underlying the Workers' Compensation Act and arrive at an inequitable result.

In consideration of our above discussion and disposition of the issue raised by the employee, we need not reach the merits of the employee's right to revive the insurance company's right to subrogation.

For the reasons stated, the employee's petition for certiorari is denied and the writ heretofore issued is quashed. The decision of the appellate division is affirmed. The papers of this case are remanded to the Workers' Compensation Court with our decision endorsed thereon.