Marie GELSOMINO

v.

James MENDONCA et al.

No. 98–36–Appeal.

Supreme Court of Rhode Island.

Jan. 26, 1999.

Ronald J. Resmini, Barrington, for plaintiff.

Peter A. Clarkin, Providence, for defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on December 15, 1998, pursuant to an order directing the parties to show cause why the plaintiff's appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the oral arguments of counsel, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be summarily decided at this time.

The pertinent facts are as follows. On October 7, 1991, plaintiff Marie Gelsomino, a Central Falls school teacher, was holding class in a temporary trailer on Cross Street in Central Falls outside the Broad Street Elementary School when the trailer was struck by a police cruiser operated by the defendant, Officer James Mendonca of the Central Falls Police Department. Mendonca lost control of his cruiser and collided with the trailer while in pursuit of an automobile which had just run through a red light. Gelsomino alleges that the accident caused her to suffer lower back and leg pain, which prevented her from performing her duties as an elementary school teacher and participating in activities she enjoyed prior to the accident.

On August 24, 1994, plaintiff filed suit seeking damages based on negligence against defendants Mendonca and the City of Central Falls. The case went to court-annexed arbitration, which resulted in an award to plaintiff of $120,000. Plaintiff rejected the award and proceeded to trial. At the conclusion of a Superior Court trial, a jury awarded plaintiff $25,000 in damages. The court clerk added prejudgment interest to the verdict against defendant Mendonca but did not add the same to the verdict against the city. The trial justice later granted Mendonca's motion to strike the award of prejudgment interest against him while denying plaintiff's motion for new trial and/or additur.

The plaintiff thereafter filed this appeal, asserting that the trial justice: (1) violated the collateral source doctrine by admitting evidence that the plaintiff was receiving a disability pension and in failing to instruct the jury to disregard the pension when computing damages; (2) erred by refusing to give a requested "thin skull" instruction; (3) erred in striking the award of prejudgment interest against defendant Mendonca; and (4) erred in denying plaintiff's motion for a new trial and/or additur. We shall consider the issues raised by the plaintiff in the order of their importance to this opinion.

### Collateral Source Doctrine

First, plaintiff claims that the trial justice erred by admitting evidence regarding plaintiff's receipt of a disability pension and failing to instruct the jury, as requested by plaintiff, that this pension was from a collateral source and should not be deducted from the total damages awarded to plaintiff. We are of the opinion that this contention has merit.

■ The collateral source doctrine mandates that evidence of payments made to an injured party from sources independent of a tort-feasor are inadmissible and shall not diminish the tort-feasor's liability to the plaintiff. *Moniz v. Providence Chain Co.*, 618 A.2d 1270, 1272 (R.I.1993). "The rationale of this rule is that the injured person is entitled to be made whole, since it is no concern of the tort-feasor that someone else completely unconnected with the tort-feasor has aided his victim ***," *Colvin v. Goldenberg*, 108 R.I. 198, 202, 273 A.2d 663, 666 (1971), and the "wrongdoer, responsible for injuring the plaintiff, should not receive [this] windfall." *Oddo v. Cardi*, 100 R.I. 578, 584–85, 218 A.2d 373, 377 (1966) (quoting *Coyne v. Campbell*, 11 N.Y.2d 372, 230 N.Y.S.2d 1, 183 N.E.2d 891, 894 (N.Y.1962) (Fuld, J., dissenting)).

■ In respect to the defendant police officer, the plaintiff's argument is most persuasive. Certainly, the officer, as a tortfeasor, provided no financial benefits to the plaintiff and is clearly not entitled to any deduction from damages found to have been caused by his negligence by reason of any sums paid to the plaintiff through her disability pension arrangement with the city and/or state. The jury should have been so instructed.

■ In respect to the defendant city, the application of the collateral source doctrine is somewhat more complex. As we suggested in *Colvin*, it may well be that a tort-feasor employer is entitled to a deduction from the plaintiff's damages by reason of sums or benefits paid by the employer. 108 R.I. at 202, 273 A.2d at 666. However, the majority rule is that pensions would not be deductible from damages awarded to such a plaintiff. *See, e.g., Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir.1997); *Davis v.. Odeco, Inc.*, 18 F.3d 1237, 1244 (5th Cir.1994); *McDowell v. Avtex Fibers, Inc.*, 740 F.2d 214, 217 (3d Cir.1984); *Reid v. District of Columbia*, 391 A.2d 776, 778–79 (D.C.Ct.App.1978).

■ We believe that the better rule would be to allow a deduction from loss of earnings or other expenses to the extent that the disability payments and/or pension or other disbursements have been funded by or are attributable to contributions made by the employer, in this case the City of Central Falls. *See, e.g., Lussier v. Runyon*, 50 F.3d 1103, 1111–12 (1st Cir.1995); *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1210 (7th Cir.1989); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 966 (4th Cir.1985); *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 87 (2d Cir. 1983). The burden of proving the portion of the disability pension or benefit that arises from the city's contribution would be placed upon the city. This record does not permit us to make such a determination. However, since a new trial will be required, the record on this question may be developed in that proceeding. We suggest that the city be required to establish the proportion of the benefits and/or pension that result from its contributions prior to the admission of evidence relating to the plaintiff's receipt of such benefits and/or pension.[1] In any event, the jury should be instructed to deduct only that portion of the benefits and/or pension that is attributable to the city's contribution. In the event that it is determined that the city made no contribution, then it would be barred by the collateral source doctrine from adducing any evidence of the disability benefits and/or pension.

### Instruction Concerning Preexisting Disability or Vulnerability

■ Second, plaintiff asserts that the trial justice erred by failing to give plaintiff's requested "thin skull" jury instruction. In the case at bar, a medical expert testified that plaintiff suffered from a preexisting herniated disk. This testimony did not explicitly state whether or not the accident had aggravated or "lighted up" this condition. If in the course of the new trial, the evidence indicates that the accident did have an effect on the preexisting condition, plaintiff would be entitled to an instruction that "a defendant *** takes [plaintiff] as he finds [her] and cannot defend on the ground that his actions only aggravated an earlier condition or that the plaintiff was weak, decrepit, or among those unusually susceptible to the injuries sustained." *See Lebon v. B.L. & M. Bottling Co.*, 114 R.I. 750, 754, 339 A.2d 272, 274 (1975).

### Prejudgment Interest

■ Third, plaintiff contends that the trial justice erred in striking the prejudgment interest added to the award against defendant Mendonca. The trial justice believed that since the city enjoyed immunity from prejudgment interest, the city's employee, defendant Mendonca, should also enjoy this immunity. This ruling contravenes our holding in *Pridemore v. Napolitano*, 689 A.2d 1053, 1056 (R.I.1997), wherein we said "the exemption from prejudgment interest for municipalities *** does not extend to government employees who are liable in tort."

---

1. We recognize that in the case at bar, plaintiff in her case-in-chief presented evidence of the pension. Obviously, she is free to do so again if she so desires.

Consequently, any award granted against the police officer as a result of the new trial must be enlarged by prejudgment interest since the police officer is not entitled to the residual effect of sovereign immunity recognized by this Court in *Andrade v. State*, 448 A.2d 1293 (R.I.1982).

### *New Trial and/or Additur*

Since we are ordering a new trial for the reasons heretofore stated, it is unnecessary for us to reach the issues raised by plaintiff in respect to the inadequacy of the jury's verdict.

For the reasons stated, the plaintiff's appeal is sustained. The judgment of the Superior Court is vacated and the papers in the case may be remanded to the Superior Court for a new trial solely on the issue of damages.