Peter CHARRON, et al.

v.

Joseph PICANO, et al.

No. 96–12–Appeal.

Supreme Court of Rhode Island.

March 27, 1997.

Jeffrey S. Michaelson, Providence.

Kevin J. Aucoin, James R. Lee, Providence.

### ORDER

This case came before a panel of the Supreme Court on March 18, 1997, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiffs, Peter Charron, Lianne Charron, Jean Charron, and Karen Charron, have appealed from two Superior Court orders in favor of the defendants, Joseph Picano (Picano), Michael Fraieli (Fraieli), and the State of Rhode Island.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

On July 16, 1990, plaintiffs' family pediatrician examined Peter Charron, then six years of age, found evidence of abuse, and filed a "Physician's Report of Examination," pursuant to G.L. 1956 §§ 40–11–5 and 40–11–6. On the basis of the report, Fraieli, a DCF investigator, interviewed plaintiffs. It is undisputed that Peter's father, Jean Charron, admitted to Fraieli that he struck Peter, that Peter and his sister, Lianne Charron, reported that their father struck Peter frequently, and that Peter told Fraieli that his father had struck him so hard on the previous Saturday that he could not sit down. On the basis of these statements, Fraieli removed Peter from his home and placed him with a relative for seventy-two hours. Peter was returned to his home on July 19, 1990.

The plaintiffs subsequently filed a civil rights action in the United States District Court (federal court), seeking monetary damages against defendants, pursuant to 42 U.S.C. § 1983. The federal court judge found that plaintiffs' complaint asserted claims against Picano and Fraieli in their official capacities only, and therefore, granted defendants' motion for summary judgment on the grounds that defendants were not "persons" as defined under § 1983. *Charron v. Picano*, 811 F.Supp. 768, 773 (D.R.I.1993).

Fourteen months after filing their case, plaintiffs sought to amend their original complaint by naming Fraieli in his personal capacity and by seeking declaratory and injunctive relief against Picano. *Id.* at 775. The federal court ruled that plaintiffs' motion to amend was untimely filed and would have unfairly prejudiced Picano, *Id.*, and held that under no circumstances could plaintiffs succeed on the merits because the doctrine of qualified immunity shielded Fraieli from personal liability, inasmuch as Fraieli acted reasonably in temporarily removing Peter from the home. *Charron*, 811 F.Supp. at 773. The federal court went on to find that plaintiffs lacked standing to seek declaratory and/or injunctive relief because there was no showing of a likelihood that plaintiffs would be wronged again in a similar way. *Id.* at

775. The federal court judge dismissed without prejudice plaintiffs' remaining claims for false imprisonment and intentional infliction of emotional distress. *Id.* at 776. The plaintiffs did not appeal this federal court decision.

On July 16, 1993, plaintiffs filed in the Superior Court essentially the amended complaint that they had attempted to file in federal District Court, wherein Counts I and VIII asserted claims under 42 U.S.C. § 1983. Counts I through IV sought equitable relief, and counts V through VIII sought monetary damages against Fraieli in his individual capacity. In Counts IX through XIV, plaintiffs alleged claims of false imprisonment and intentional infliction of emotional distress.

On February 2, 1994, a Superior Court justice granted defendants' motion to dismiss Counts I through VIII. On appeal, plaintiffs contended that the trial justice erred in applying the doctrine of res judicata and dismissing the eight counts on the basis of the federal court decision. Given the findings by the federal court, however, we are of the opinion that the trial justice properly applied the doctrine of res judicata and appropriately granted defendants' motion to dismiss the first eight counts. Six months after the Superior Court dismissal of Counts I through VIII, an order entered allowing plaintiffs to amend their complaint to include alleged violations of the due process clause of article I, sec. 2 of the Rhode Island Constitution and the Rhode Island Tort Claims Act.

On April 19, 1995, a second Superior Court justice granted, on the basis of collateral estoppel, defendants' motion for summary judgment on the amended complaint. On appeal, plaintiffs contended that the trial justice erred in ruling that collateral estoppel applied to the allegations of false imprisonment and intentional infliction of emotional distress because the federal court had failed to address those claims. In granting defendants' motion for summary judgment, the Superior Court trial justice reasoned that when the federal court judge denied the motion to amend the complaint, he found that

Fraieli was entitled to qualified immunity. We interpret the Superior Court justice's ruling as also a finding of qualified immunity and conclude that, under this Court's holding in *Curtis v. State Dept. for Children and Families*, 522 A.2d 203 (R.I.1987) (state official exonerated from liability when acting reasonably in temporarily removing child from the home, pursuant to § 40–11–5), defendants' motion for summary judgment was properly granted.

Accordingly, the plaintiffs' appeal is denied and dismissed. We affirm the judgment of the Superior Court, to which we remand the papers in this case.

BOURCIER, J., did not participate.