**Carlos PIEVE–MARIN, Plaintiff**

v.

**Gonzalo COMBAS–SANCHO, et al., Defendants.**

**Civil No. 95–1724 (PG).**

United States District Court, D. Puerto Rico.

June 30, 1997.

Roberto O. Maldonado Nieves, San Juan, PR, for Plaintiff.

Miriam Soto Contreras, Dept. of Justice, Fed. Litigation Div., San Juan, PR, for Defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

### I. Background

Plaintiff Carlos Pieve–Marín is a sports journalist who worked from May 1992 until June 1994 as a sportscaster on the television broadcasts of the horse races held at El Comandante racetrack in Canóvanas, Puerto Rico. He brought this action under 42 U.S.C. § 1983 seeking declaratory relief and damages against the Administrator of the government Horse Racing Sport Administration (Administración del Deporte Hípico, or "ADH"), two members of the Horse Racing Jury, the El Comandante Operating Company ("ECOC"), which is the company that operates the racetrack for ADH, and the producer of the television broadcasts. Plaintiff alleges that he was forced out of his employment as sportscaster in violation of his rights under the First, Fifth, and Fourteenth Amendments of the Constitution of the United States as well as under sections 1, 4, 7, 16, and 20 of Article II of the Constitution of the Commonwealth of Puerto Rico.

Co-defendants Gonzalo Combas Sancho (the Administrator), Roberto Schmidt Monge (a Jury member), and Gilberto Hernández (the other Jury member) moved to dismiss in February 1996 on the grounds that the Eleventh Amendment bars money damage claims against government officials sued in their official capacity. Plaintiff opposed the mo-

tion on the grounds that the language of the complaint indicates that Defendants were being sued in their individual capacities. In particular, Plaintiff pointed out that the complaint did not say that Defendants were being sued in their official capacities and that it expressly requested money damages. Plaintiff also filed a motion for leave to amend the complaint in order to emphasize that these defendants were indeed being sued in their individual capacities. The motion to dismiss was denied and the motion for leave to amend granted by margin order on August 12, 1996. The amended complaint was tendered with the motion for leave and entered on docket upon the motion being granted.[1]

Currently before the Court is the three co-defendants' second motion to dismiss. Defendants argue once more that the original complaint sued them in their official, not individual, capacities, and that the amendment does not relate back to the original complaint and is therefore barred by the statute of limitations and the 120–day limit for service of summons. In opposition, Plaintiff relies, first, on the same grounds invoked in his opposition to the first motion to dismiss, namely that the language of the original complaint was broad enough to give Defendants notice that they were being sue in their individual capacities. Plaintiff's second argument is that the issue was already adjudicated by the denial of the first motion to dismiss and the acceptance of the amended complaint. Third, Plaintiff contends that the amendment was properly made pursuant to the provisions of Rule 15(a) of the Federal Rules of Civil Procedure before Defendants even answered the complaint and that because the complaint has not even been answered and discovery has not begun, there is no prejudice to Defendants.

**1.** Co-defendants ECOC and Pedro Muñiz failed to answer the original complaint and the Clerk entered default against them. In May 1996, these defendants moved to set aside the entry of default and tendered an answer to the complaint. Their motion was granted. They are not involved in the motions to dismiss.

**2.** Because the issue was not properly before it, the Supreme Court declined to resolve the question of how to treat a complaint that does not specify the capacity in which the defendant is sued, but agreed with the circuit court that " '[i]t

## II. Discussion

### A. The Original Complaint

The First Circuit has not addressed the question of how specifically a plaintiff in a § 1983 action must indicate the capacity in which the defendant is being sued. An overwhelming majority of the other circuits look to "the substance of the plaintiff's claim, the relief sought, and the course of proceedings to determine the nature of a § 1983 suit when a plaintiff fails to allege capacity." *Biggs v. Meadows,* 66 F.3d 56, 59 (4th Cir. 1995). The Second, Third, Fourth, Fifth, Seventh, Ninth, Tenth, Eleventh, and District of Columbia Circuits all take this view. *See Atchinson v. District of Columbia,* 73 F.3d 418, 425 (D.C.Cir.1996); *Biggs,* 66 F.3d at 60; *Shoshone–Bannock Tribes v. Fish & Game Comm'n, Idaho,* 42 F.3d 1278, 1284 (9th Cir.1994); *Frank v. Relin,* 1 F.3d 1317, 1326 (2d Cir.), *cert. denied,* 510 U.S. 1012, 114 S.Ct. 604, 126 L.Ed.2d 569 (1993); *Pride v. Does,* 997 F.2d 712, 715 (10th Cir.1993); *Hobbs v. Roberts,* 999 F.2d 1526, 1529–30 (11th Cir.1993); *Melo v. Hafer,* 912 F.2d 628, 636 & n. 7 (3d Cir.1990), *aff'd.* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991);[2] *Conner v. Reinhard,* 847 F.2d 384, 394 n. 8 (7th Cir.), *cert. denied,* 488 U.S. 856, 109 S.Ct. 147, 102 L.Ed.2d 118 (1988);[3] *Parker v. Graves,* 479 F.2d 335, 336 (5th Cir.1973). These courts have reasoned that a complaint is to be construed liberally and in favor of the plaintiff, and that a plaintiff with a viable claim should not be disadvantaged by the attorney's misconceptions. Some have held, more specifically, that the only logical reading of a complaint requesting damages is that the defendants are being sued in their individual capacities, because damages are

is obviously preferable for the plaintiff to be specific in the first instance to avoid any ambiguity.' " *Hafer v. Melo,* 502 U.S. at 24 n. *, 112 S.Ct. at 361 n. * (quoting *Melo,* 912 F.2d at 636). This Court wholeheartedly agrees.

**3.** The Seventh Circuit does use a presumption that a § 1983 suit is brought against the defendants in their official capacities, but this presumption is not conclusive; rather, the court must look at how the parties have treated the suit. *Conner,* 847 F.2d at 394 n. 8.

barred in an official capacity suit. The courts have also relied on *Kentucky v. Graham*, in which the Supreme Court stated that "[i]n many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985) (quoting *Brandon v. Holt*, 469 U.S. 464, 469, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985)).

The Sixth and Eighth Circuits, on the other hand, have held that plaintiffs must expressly state whether they are suing the defendants in their individual capacities; otherwise, it is presumed that they are not. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.1995); *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir.1989).[4] One district court within the First Circuit has also adopted the minority view. *See Charron v. Picano*, 811 F.Supp. 768, 772 (D.R.I.1993). These courts offer essentially two grounds for the requirement. One is that the complaint must be specific in order to give the defendants proper notice of their potential personal liability, given the significant differences between defending an official capacity suit and an individual capacity suit. Second, the courts have invoked Rule 9(a) of the Federal Rules of Civil Procedure, which states that capacity need not be alleged in the complaint except as necessary to show the jurisdiction of the court. Because Eleventh Amendment immunity limits the jurisdiction of the courts, the argument goes, individual capacity must be alleged in a manner comparable to that prescribed by Rule 8(a)(1)[5] in order to establish that the Eleventh Amendment does not apply and the court has jurisdiction. In addition, these decisions point out that requiring an explicit statement of capacity imposes no burden on the plaintiff, requiring only that he or she simply state what he or she means.

This Court finds the majority view more persuasive in the context of today's liberalized pleading requirements.[6] "When a defendant asserts Eleventh Amendment immunity, the plaintiff's claims must be 'given the favorable reading required by the Federal Rules of Civil Procedure.'" *Pride*, 997 F.2d at 715 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974)). The absence of an explicit statement of capacity does not constitute "let[ting] down all pleading barriers" as suggested in *Wells*, 891 F.2d at 593. A plaintiff's allegations must still be sufficient to give the defendant notice that he is being sued in his individual capacity. Nor is the Court persuaded by the Rule 9(a) /8 (a)(1) argument.[7]

---

**4.** The Sixth Circuit, however, has not been absolutely rigid about this and has looked to the course of proceedings to make its determination. *See Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.1995) (holding that subsequent motion to bar Ohio Attorney General from representing defendants provided adequate notice that defendants were being sued in individual capacities).

**5.** Rule 8(a)(1) requires "a short and plain statement of the grounds on which the court's jurisdiction depends."

**6.** Indeed, in a recent, unpublished disposition, the undersigned followed the Ninth Circuit in construing a complaint seeking damages as a suit against the defendant officials in their individual capacities. *See Hernandez v. Colón*, Civ. No. 95–1829(PG), slip op. at 8 (D.P.R. May 6, 1997) (Pérez–Giménez, J.).

**7.** This argument was criticized at some length by the Fourth Circuit in its thorough opinion in *Biggs*. The court took some pains to explain the differences between Eleventh Amendment immunity and federal jurisdiction. *See Biggs*, 66 F.3d

at 60. It relied in part on the Supreme Court's statement in *Patsy v. Bd. of Regents*, 457 U.S. 496, 515 n. 19, 102 S.Ct. 2557, 2567 n. 19, 73 L.Ed.2d 172 (1982), that "we have never held that [Eleventh Amendment immunity] is jurisdictional in the sense that it must be raised and decided by this Court on its own motion." Subsequent to *Biggs*, however, the Supreme Court decided *Seminole Tribe of Florida v. Florida*, — U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). There, the Court held that "[t] he Eleventh Amendment restricts the judicial power under Article III." *Id.* at ——–——, 116 S.Ct. at 1131–32. The Sixth Circuit has since held that *Seminole Tribe* supersedes *Patsy* and that "state immunity is jurisdictional in the same sense as the complete diversity requirement or the well-pleaded complaint rule." *Wilson–Jones v. Caviness*, 99 F.3d 203, 206 (6th Cir.1996), modified without substantive change at 107 F.3d 358 (1997) Other courts have also found Eleventh Amendment immunity to constitute a limitation on subject matter jurisdiction. *See, e.g., Moad v. Arkansas State Police Dept.*, 111 F.3d 585, 587 (8th Cir.1997); *Tri–City Turf Club, Inc. v. Ken-*

As long as the averments in the complaint are sufficient to "ascertain[ ] fairly" the capacity in which the defendant is being sued, *Biggs,* 66 F.3d at 61, jurisdiction may be sustained without an explicit statement of capacity. "[T]he court may sustain jurisdiction when an, examination of the entire complaint reveals a proper basis for assuming jurisdiction...." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1206, p. 91 (discussing Rule 8(a)(1)).[8] The court therefore turns to examine the substance of Plaintiff's claim, the relief sought, and the course of proceedings in order to determine whether the claims are brought against Defendants in their official or individual capacities.

■ Defendants rely principally on language in the introduction to complaint identifying them as "three government officials of the government of the Commonwealth of Puerto Rico." The Court finds, however, that, as Plaintiff pointed out in his opposition to the first motion to dismiss, this simply identified Defendants' positions with the government, and indeed was necessary because the acts complained of must have be taken "under color of state law" in order for there to be a claim under § 1983. *See, e.g., Melo* 912 F.2d at 636; *Price v. Akaka,* 928 F.2d 824, 828 (9th Cir.1990); *Shockley v. Jones,* 823 F.2d 1068, 1071 (7th Cir.1987). The complaint does not contain any allegation that Defendants acted according to official policy or custom, which would indicate an official capacity suit. The complaint also requests money damages, which would only be available in an individual capacity suit, and it does not request injunctive relief, the type available in an official capacity suit. It asks the Court to enter judgment for damages "against each of the defendants solidarily," which in the Court's view is consistent only with an individual capacity suit and suffices to put a defendant on notice that such was the plaintiff's intent. In light of these factors, the Court finds that "the plaintiff's intention to hold [the] defendant[s] personally liable can be ascertained fairly." *Biggs,* 66 F.3d at 61.

## B. The Motion for Leave to Amend

■ The Court also stands by its earlier ruling permitting Plaintiff to amend the complaint. Rule 15(a) of the Federal Rules of Civil Procedure directs that "leave [to amend] shall be freely given when justice so requires." Because the amendment only makes explicit what is already evident from the original complaint, it involves no substantive change. Moreover, Defendants are not prejudiced by the amendment. In fact, Defendants do not actually allege prejudice. Although the suit was filed over two years ago—on June 8, 1995—very little has happened thus far. There has been no undue delay the part of Plaintiff, who requested leave to amend in May 1996 at the same time that he opposed the first motion to dismiss, which was filed in February 1996. Discovery had not begun as of March of 1997 (the date of Plaintiff's opposition to the motion currently under consideration). Because the litigation is still at such an early stage, Defendants are able, if it were necessary, to retain different counsel, as well as conduct discovery and develop litigation strategies in a manner appropriate to defending an individual capacity suit.

## III. Conclusion

For the reasons expressed above, Defendants Combas Sancho, Schmidt Monge, and Hernández's Motion to Dismiss (**Dkt.# 25**) is hereby **DENIED.** The Court would like to take this opportunity, however, to exhort future § 1983 plaintiffs to **BE SPECIFIC** as to the capacity in which they sue defendants.

Additionally, in view of the fact that the case was filed fully two years ago and so little has transpired since, the Court advises Plaintiff that he is expected to move his case along. Accordingly, a status conference is

---

*tucky Racing Comm'n,* 203 B.R. 617, 619 (Bkrtcy.E.D.Ky.1996). However, while *Seminole Tribe* may offer this argument new life, this Court finds that, ultimately, it does not make much difference for the reasons discussed in the text above.

8. This does not mean, however, that failure to make Rule 8(a)(1)'s "short and plain statement" is not a defect to be avoided.

hereby scheduled for July 17, 1997, at 8:30 a.m. before the undersigned.

**IT IS SO ORDERED.**