**John ANDERSON**

v.

**Dennis BOTELHO et al.**

**Kenneth Longwill**

v.

**Dennis Botelho et al.**

**Deborah Botelho et al.**

v.

**Evelyn Scire.**

No. 2000–17–Appeal.

Supreme Court of Rhode Island.

Dec. 17, 2001.

Peter J. Comerford, Ronald A. Tagliaferri, Providence, for Plaintiff.

Rebecca C.H. McSweeney, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on November 6, 2001, pursuant

to an order that directed the parties to appear in order to show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time. The facts pertinent to this appeal are as follows.

## I

### Facts and Travel

On October 14, 1991, defendant Evelyn Scire (Scire), was driving her automobile toward Dave's Fruitland on West Shore Road in Warwick, Rhode Island. At the same time, John Anderson (Anderson) had agreed to take his friend Kenneth Longwill (Longwill) to the store to pick up an appliance. As Anderson drove toward the intersection of West Shore Road and Main Avenue, Scire allegedly made a sudden turn into Dave's Fruitland parking lot, crossing in front of Anderson's automobile. Anderson stopped short and was struck from behind by a third automobile, driven by defendant Dennis Botelho (Botelho). Botelho was driving with his two daughters, plaintiffs Jennifer and Melissa Botelho. As a result of the impact, Anderson, Longwill, and both Botelho daughters suffered personal injuries.

Three separate lawsuits were filed. In November 1993, Anderson and Longwill each filed an action naming Scire and Botelho as defendants. In August 1994, Deborah Botelho (Deborah) filed an action individually, and on behalf of her two daughters, naming only Scire. Although Deborah was not present at the time of the accident, she claimed the loss of society and companionship of her daughters. In November 1994, Botelho, who had filed for bankruptcy shortly after the accident,

became judgment-proof. The three cases were consolidated and proceeded to trial.

Before opening statements, plaintiffs asked the trial justice to exclude any evidence of Botelho's bankruptcy to prevent unfair prejudice. The trial justice considered the matter in chambers. The parties agree that the trial justice ordered them not to refer to Botelho's bankruptcy during trial.

Scire's theory at trial was that she was not involved in the accident and was sued only because Botelho was judgment-proof. To advance this theory, Scire's counsel made at least five references to the fact that Botelho was "immune from suit" in her opening and closing statements to the jury, despite the trial justice's order. Apparently, Scire's counsel believed the order was limited in scope and prohibited only the use of the word "bankruptcy." After the closing argument, plaintiffs objected to the allegedly prejudicial statements. The trial justice acknowledged the violation and stated that she would address the issue in her charge to the jury. The trial justice instructed the jury "[n]o one involved in [the accident] is immune from your consideration. You will have an opportunity to consider the performance of every operator when you are deliberating." After deliberation, the jury returned a verdict for Scire.

The plaintiffs filed a motion for new trial. The trial justice granted the motion. Scire timely appealed.

## II

### Exclusion of Reference to Bankruptcy

■ Scire first argues that the trial justice abused her discretion by excluding references to Botelho's bankruptcy because of its relevance to witness credibility. Scire argues that plaintiffs had a motive to lie about the fact that she allegedly

cut off Anderson because they were unable to recover damages from Botelho.

■ "[T]he admission of evidence rests in the sound discretion of the trial justice and will not be disturbed absent a showing of an abuse of that discretion." *Votolato v. Merandi*, 747 A.2d 455, 462 (R.I.2000) (quoting *New Hampshire Insurance Co. v. Rouselle*, 732 A.2d 111, 113 (R.I.1999)). Rule 403 of the Rhode Island Rules of Evidence allows relevant evidence to be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

By making her decision off the record, the trial justice makes review of her determination difficult. However, when the trial justice later granted plaintiffs' motion for new trial, she indicated that "[t]he [c]ourt made clear that [Botelho's] bankruptcy was not relevant to the case and reference to [the] same would be inflammatory and unduly prejudicial." This makes clear the basis for, and scope of, her earlier ruling.

The trial justice did not abuse her discretion in deciding that Botelho's bankruptcy was inadmissible because prejudice resulting from its disclosure would disturb the jury's ability to assess the comparative negligence of each of the parties. The trial justice appropriately sought to ensure that each person's negligence could be properly assessed based only on the facts and not hindered by the fact of Botelho's bankruptcy. At the same time, the trial justice appropriately prevented the jury from construing the fact of bankruptcy as an admission of liability.

In sustaining the trial justice's decision, we note Scire maintains that "immunity from suit" does not inform the jury that Botelho was bankrupt. By saying "immune from suit" Scire's counsel communicated to the jury the information the trial justice sought to prohibit. The terminology makes no difference.

## III

### Motion for New Trial

■ Scire next argues that the trial justice erred by granting a new trial based on Rule 59 of the Superior Court Rules of Civil Procedure. Rule 59 provides in pertinent part that:

"(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at the trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state."

The trial justice granted the new trial because Scire's counsel informed the jury that Botelho was judgment-proof. "We have said on numerous occasions that if a trial justice reviews the evidence, comments on the weight of the evidence and the credibility of the witnesses, and exercises [her] independent judgment, [her] determination either granting or denying a motion for new trial will not be disturbed unless [she] has overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *Kurczy v. St. Joseph Veterans Association, Inc.*, 713 A.2d 766, 770 (R.I.1998) (quoting *Izen v. Winoker*, 589 A.2d 824, 828–29 (R.I.1991)). The trial justice, in making her decision to grant the motion, failed to pass upon the evidence, failed to comment on its weight and failed to assess the witness' credibility. Instead, her opinion stated only that "[t]here are bells that cannot be unrung, and this is one of them." We have warned against this cursive practice in the past.

*See BHG v. F.A.F., Inc.,* 784 A.2d 884, ———–——, slip op. at 4–5 (R.I.2001).

■■■■ "[A]n improperly supported decision [on a motion for new trial] is deprived of the weight it is normally accorded." *Lariviere v. Dayton Safety Ladder Co.,* 525 A.2d 892, 900 (R.I.1987). Instead, in the event that a trial justice has failed to perform his function in analyzing the evidence and passing upon the credibility of the witnesses, this Court will apply the "appellate rule" and "the jury's verdict will be sustained if *as we examine the evidence in the light most favorable to the prevailing party, there is any competent evidence which supports the verdict." Id.* (quoting *Morinville v. Morinville,* 116 R.I. 507, 516, 359 A.2d 48, 54 (1976)).

In this case, however, our examination of the record reveals that informing the jury that Botelho was judgment-proof made it impossible for the jury to properly apportion liability. The disclosure tainted the jury verdict, and thus, we sustain the trial justice's decision to grant a new trial.

Accordingly, for the reason stated above, Scire's appeal is denied and dismissed. The Superior Court order granting plaintiffs a new trial is affirmed. Further, the trial justice shall advise the jury that it must consider the liability of each party regardless of his or her absence from the trial. The papers in this case are remanded to the Superior Court for a new trial consistent with this decision.