Kathleen M. FEENEY

v.

Stephen T. NAPOLITANO, in his
Capacity as Treasurer of the
City of Providence et al.

No. 2001–199–Appeal.

Supreme Court of Rhode Island.

Feb. 5, 2003.

Lauren E. Jones, Providence, Philip M. Weinstein, Newport, for Plaintiff.

Richard G. Riendeau, Kevin F. McHugh, Providence, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendants, Donald Masi (Masi) and the City of Providence (city) (collectively referred to as defendants), appeal from a judgment obtained against them after a Superior Court personal injury trial. The defendants ask that we vacate the damage award because it exceeded the amount permitted by statute. We agree that plaintiff Kathleen M. Feeney (plaintiff or Feeney), failed to sue Masi in his individual capacity and, therefore, she is entitled to recover only $100,000 from the city, the maximum amount of damages allowed under G.L.1956 § 9–31–3. Thus, we hereby vacate the portion of the damage award made against Masi in his individual capacity.

This matter came before the Court for oral argument on November 4, 2002, pursuant to an order that directed the parties to appear and show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

## I

### Facts and Travel

On April 19, 1995, Masi was driving a truck in the course of his employment with

the Providence Department of Public Works. He stopped his truck at a red light at the southeast corner of the intersection of Benefit Street and Wickenden Street and waited to make a left turn onto Wickenden Street. At the same time, Feeney had entered the crosswalk on foot from the northwest corner of the intersection. The signal changed and Masi, who was watching the vehicle in the lane to his left, entered the intersection to execute the left turn. He failed to see Feeney in the crosswalk and struck Feeney on the left side of her body with the plow mount on the front of his truck.

Feeney was taken by ambulance to Rhode Island Hospital. At the hospital, Feeney had pain in her neck, left shoulder, left arm and left knee. She was discharged that evening and returned to her part-time employment as a legal secretary the following weekend. Over the course of the next three years she saw numerous doctors to seek treatment for her pain.

After the accident, Feeney continued to work part time but had difficulty carrying files and typing. In August 1995, Feeney was involved in another accident, when her vehicle was rear-ended by another vehicle. In September 1995, Feeney increased her working hours and began working full time. In January 1998, Feeney underwent arthroscopic shoulder surgery. Orthopedic surgeon Andrew Green, M.D., had diagnosed Feeney with post-traumatic rotator cuff tendonitis and impingement syndrome. Despite the shoulder surgery,

Feeney continued to have shoulder pain. She later consulted another surgeon, Lee Edstrom, M.D. (Dr. Edstrom). Doctor Edstrom diagnosed Feeney with carpel tunnel syndrome in the left wrist. Feeney had a second surgery, in July 1998. This surgery focused on Feeney's hand and wrist problems. After the surgery, Feeney's condition did not improve and she continued to have left hand and wrist pain. By October 1998, Feeney stopped working, blaming her inability to work on pain caused by the accident on April 1995.

Eventually, Feeney filed a personal injury action against defendants. After a bench trial, the trial justice found that Masi had caused the accident and was liable for Feeney's injuries. The trial justice awarded damages in the amount of $280,525. He ordered Masi to pay $180,525, plus prejudgment interest, and order the city to pay $100,000.[1] The defendants timely appealed.

## II

### Standard of Review

"It is well settled that 'the findings of fact of a trial justice, sitting without a jury, will be given great weight and will not be disturbed absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong.'" *Perry v. Garey*, 799 A.2d 1018, 1022 (R.I.2002) (quoting *Bernier v. Lombardi*, 793 A.2d 201, 203 (R.I.2002)). "Questions of law, however, 'are reviewed

---

1. The trial justice held that:
   "[i]n this case the plaintiff will have judgment against the defendant, * * * Masi, for the sum of $280,525, together with interest at the statutory rate since April 19, 1995 and costs. *In addition and separately, the defendant* will have judgment against the [c]ity * * * for the sum of $100,000, without interest but together with costs." (Emphasis added.)

He then explained how he reached the figure and stated that "[t]he total of each of these considerations amounts to $280,525." Despite the somewhat confusing language used by the trial justice, the parties agree that the total award is for $280,525, with the city being responsible for $100,000 and Masi being responsible for $180,525, plus prejudgment interest.

*de novo* by this Court.'" *Id.* at 1023 (quoting *Associated Builders & Contractors of Rhode Island, Inc. v. Department of Administration,* 787 A.2d 1179, 1184 (R.I.2002)).

## III

### Capacity

■ The defendants first argue that plaintiff sued Masi only in his official capacity. Capacity is critical to the damage award because in an official-capacity suit damages are limited by the Government Tort Liability Act (act), G.L.1956 chapter 31 of title 9. *See Capital Properties, Inc. v. State,* 749 A.2d 1069, 1081 (R.I.1999) (discussing that a suit against a state official acting in his official capacity constitutes a suit against the state) (citing *Will v. Michigan,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).[2] However, there is no limitation on damages in an individual capacity suit. *See Pridemore v. Napolitano,* 689 A.2d 1053, 1056 (R.I.1997) (per curiam) (quoting *Hudson v. Napolitano,* No. 86–291–A. (R.I., filed May 20, 1987) (unpublished order) (holding that a police officer's *"individual [ ] liability for his own tortious action was not controlled by the limit of liability of the municipality"*)).

■ Rule 9(a) of the Superior Court Rules of Civil Procedure provides in part that:

"It is not necessary to aver the capacity of a party to * * * be sued * * *. When a party desires to raise an issue as to the * * * capacity of any party to * * * be sued * * *, the party shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

Therefore, a plaintiff generally is not required to specify capacity in her complaint. Instead, the general rule is that if a defendant wishes to contest his or her capacity to be sued individually, he or she must do so in the form of an affirmative defense according to Rule 9(a).

■ However, in this case Masi was not required to contest his capacity to be sued individually because plaintiff's complaints make clear that she intended to sue Masi only in his official capacity and he was entitled to rely on her pleadings. In paragraph six of both plaintiff's complaint and amended complaint, she alleges that "the defendant, Donald Masi, [acting] in his capacity as an employee of the [c]ity * * *, was the operator of the motor vehicle, owned by * * * [the c]ity * * *, [and was] traveling on Benefit Street in the vicinity of Providence, Rhode Island." The complaint and amended complaint contain no express allegation of individual capacity and also no facts supporting the inference that plaintiff intended to name Masi individually. In fact, when the trial justice raised the issue at trial, there was no discussion of anything in the pleadings that could be construed to support a suit based on individual capacity. Furthermore, there was no testimony justifying individual liability. At the close of trial, the trial justice made his ruling and adopted plaintiff's request to award damages against Masi in his individual capacity without explanation, a practice that we have cautioned against in the past. *See DiCiantis v. Wall,* 795 A.2d 1121, 1124 n. 3 (R.I.2002) (per curiam) (citing *Anderson v. Botelho,* 787 A.2d 468, 471–72 (R.I.2001)

---

**2.** The fact that an individual defendant may be personally liable for damages in excess of $100,000 does not preclude that defendant from seeking indemnification from the state or municipal employer. *See Plantations Industrial Supply of Rhode Island v. Leonelli,* 118 R.I. 513, 518, 374 A.2d 1031, 1033 (1977).

and *BHG, Inc. v. F.A.F., Inc.,* 784 A.2d 884, 886–87 (R.I.2001)).

Furthermore, although the *ad damnum* clause has no legal force as to damages, we conclude that it in this case, is additional persuasive evidence of plaintiff's intent to sue Masi only in his official capacity. *See* G.L.1956 § 9–1–30(a). The *ad damnum* clause reads that plaintiff "demands judgment against the * * * [c]ity * * * and * * * Masi, in his capacity as employee of the [c]ity * * *." Therefore, the city was entitled to rely on plaintiff's complaints and assume that Masi was sued only in his official capacity since she made sure to allege official capacity but failed to make any reference to individual capacity. In this case, we refuse to allow plaintiff to benefit from her own poor drafting, and Masi to be punished by the same.

The plaintiff argues that she did not fail to allege individual capacity because the caption of her complaint names the defendants as "Stephen T. Napolitano, in his [*sic*] as the Treasurer of the City of Providence and Donald Masi." By failing to specify whether Masi is named in either his official or individual capacity, plaintiff argues, the natural conclusion is that she intended to do both. We disagree because, as stated above, a review of the complaint and the amended complaint reveals that Feeney did, in fact, allege official capacity.

Feeney argues that common sense dictates that the only logical reading of the complaint is that Masi was being sued in his individual capacity because damages are barred in an official capacity suit. In support of her argument Feeney refers to federal cases discussing failure to allege capacity in cases under 42 U.S.C. § 1983. *See Pieve–Marin v. Combas–Sancho,* 967 F.Supp. 667, 669 (D.P.R.1997) (citing *Atch-*

*inson v. District of Columbia,* 73 F.3d 418, 425 (D.C.Cir.1996); *Biggs v. Meadows,* 66 F.3d 56, (4th Cir.1995); *Shoshone–Bannock Tribes v. Fish & Game Commission of Idaho,* 42 F.3d 1278, 1284 (9th Cir.1994); *Frank v. Relin,* 1 F.3d 1317, 1326 (2d Cir.1993); *Hobbs v. Roberts,* 999 F.2d 1526, 1529–30 (11th Cir.1993); *Pride v. Does,* 997 F.2d 712, 715 (10th Cir.1993); *Melo v. Hafer,* 912 F.2d 628, 636 & n. 7 (3d Cir.1990); *Conner v. Reinhard,* 847 F.2d 384, 394 n. 8 (7th Cir.1988); *Parker v. Graves,* 479 F.2d 335, 336 (5th Cir.1973)). Feeney asserts that the "overwhelming majority" of federal circuit courts "look to 'the substance of the plaintiff's claim, the relief sought, and the course of proceedings to determine the nature of a [42 U.S.C.] § 1983 suit when a plaintiff fails to allege capacity.' " *Pieve–Marin,* 967 F.Supp. at 669 (quoting *Biggs,* 66 F.3d at 59).

In evaluating Feeney's argument we first must note that the instant case does not involve a complaint under 42 U.S.C. § 1983. Courts that have not required plaintiffs to expressly allege capacity have done so to avoid a situation in which "a plaintiff with a viable claim [is] disadvantaged by the attorney's misconceptions" since money damages in a § 1983 claim are barred in an official-capacity suit. *Pieve–Marin,* 967 F.Supp. at 669–70; *see also Charron v. Picano,* 811 F.Supp. 768, 771–72 (D.R.I.1993) (quoting *Will,* 491 U.S. at 71, 109 S.Ct. at 2312, 105 L.Ed.2d at 58 (noting that "neither a State nor its officials acting in their *official* capacities are 'persons' amenable to suit for *monetary damages* under 42 U.S.C. § 1983")). However, the act does not bar money damages in an official-capacity suit, and therefore, the 42 U.S.C. § 1983 rationale does not apply.[3] *See* § 9–31–3.

---

**3.** Furthermore, even if we were inclined to look at federal law for guidance, we note that

## IV

### Damage Award

■ The act "waives sovereign immunity for the state and its political subdivisions, provided that no recovery exceeds the limitations established in the act." *Matarese v. Dunham,* 689 A.2d 1057, 1058 (R.I.1997) (per curiam); *see also Catone v. Medberry,* 555 A.2d 328, 330 (R.I.1989) (citing *Becker v. Beaudoin,* 106 R.I. 562, 261 A.2d 896 (1970) (abrogating common-law immunity for municipal corporations)). Under the act, "any damages recovered [from the city] shall not exceed the sum of one hundred thousand dollars ($100,000) * * *." Section 9–31–3. Therefore, the damages in this case must be limited to $100,000, and are recoverable only from the city.

■ The defendants argue that the damage award made by the trial justice was excessive in light of Feeney's injuries. "Although a damages award 'may not properly be the result of speculation or conjecture,' * * * this Court will not disturb a trial justice's award unless it is grossly excessive." *Insurance Company of North America v. Kayser–Roth Corp.,* 770 A.2d 403, 418 (R.I.2001) (quoting *Harris v. Town of Lincoln,* 668 A.2d 321, 328 (R.I.1995)). We need not address this argument to the extent that it is based on the award against Masi in his individual capacity since we already have ordered that portion of the award to be vacated. Additionally, we reject the defendants' argument insofar as it relates to the $100,000 award against the city. In this case, there is no evidence that the trial justice engaged in speculation or conjecture. Furthermore, there was ample evidence to support an award of $100,000. The medical bills totaled approximately $30,000. Feeney testified that she endured constant pain from the injuries caused by the accident and that she lost two years of wages. Therefore, the evidence clearly supports an award of $100,000.[4]

### Conclusion

Accordingly, for the reasons stated herein, the defendants' appeal is sustained in

---

the federal court in this district has taken a narrower view. In *Charron v. Picano,* 811 F.Supp. 768 (D.R.I.1993), the federal court held that "a suit against a state official should not be construed as a personal capacity suit unless such a claim is clearly set forth in the pleadings." *Id.* at 772 (citing *Wells v. Brown,* 891 F.2d 591, 592 (6th Cir.1989) and *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir.1989)). After the federal court dismissed Charron's complaint, he refiled it in Superior Court, and this Court heard the matter on appeal in 1997. *See Charron v. Picano,* 692 A.2d 337 (R.I.1997) (mem.). In *Charron,* we recognized that the federal court had rejected Charron's attempt to assess personal liability in that case because he failed to allege personal capacity; however, that issue was not before us for review. *See id.* at 337.

**4.** The trial justice found that the evidence supported a damage award in excess of $280,000. Part of that award was $150,000 to compensate Feeney for pain and suffering. Arguably, $100,000 does not adequately compensate Feeney for her losses. However, this Court cannot second-guess the General Assembly's mandate that sovereign immunity only be partially abrogated by G.L.1956 § 9–31–3. *See Oliveira v. Lombardi,* 794 A.2d 453, 457 (R.I.2002) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1226 (R.I.1996) ("[I]t is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings.")). The plaintiff could have asked that the limitation not apply pursuant to § 9–31–4, which provides that "[t]he general assembly may, by special act, authorize actions of tort against cities and towns and fire districts in particular cases in which the amount of damages to be recovered may exceed one hundred thousand dollars ($100,000)."

part and denied in part. We hereby vacate the Superior Court damage award made against Masi, in his individual capacity, in the amount of $180,525. The award against the city in the amount of $100,000 is affirmed. The papers in the case may be returned to the Superior Court.

Justice Lederberg participated in all proceedings but deceased prior to the filing of this opinion.