Michael J. ANDRADE et al.

v.

David B. PERRY et al.

No. 2003–0432–Appeal.

Supreme Court of Rhode Island.

Dec. 8, 2004.

Richard C. Tallo, Cranston, for Plaintiff.

Melody A. Alger, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

# OPINION

FLAHERTY, Justice.

Should prejudgment interest accrue on a judgment for negligence against an on-duty police officer, or should the immunity from interest applicable to the municipality be applied to him? Must the officer specifically be sued individually to be liable for prejudgment interest? For the reasons stated herein, we conclude that prejudgment interest may be added against municipal employees, but a specific designation of individual capacity is not a prerequisite for recovery. Therefore, we affirm the judgment of the Superior Court.

## Facts and Procedural History

On June 11, 1997, plaintiff, Michael J. Andrade, and defendant, David B. Perry, were involved in an automobile accident occurring at the intersection of Curtis Corner and Kingstown Roads in the Town of South Kingstown. At the time of the accident, Perry, a South Kingstown police officer, was patrolling the area in the course of his official duties. As a result of the accident, Michael Andrade suffered injuries requiring medical treatment. Approximately three years later, plaintiff filed a civil action against both David Perry and the Town of South Kingstown. Michael Andrade alleged that Perry's negligence caused him personal injury. His wife, Karen Andrade, brought a claim for loss of consortium and property damage.

The matter was reached for trial in the Superior Court in March 2003. After both parties rested, plaintiff moved to amend the complaint to designate defendant David Perry specifically in his individual capacity.[1] The trial justice denied plaintiff's motion, ruling that there had been no evidence offered that Perry was acting outside his official capacity at the time of the accident.[2] The jury returned a verdict against Perry and the town in the sum of $75,000. The judgment, dated March 17, 2003, did not include prejudgment interest. The jury ruled against Karen Andrade's claim for loss of consortium, and awarded her nothing.[3]

The plaintiff then filed a motion pursuant to Rule 59(e) of the Superior Court Rules of Civil Procedure[4] to add statutory interest to the judgment.[5] The plaintiff argued that the preclusion of statutory

---

1. The trial justice acknowledged that plaintiff's motion was being made in light of the then recently reported case of *Feeney v. Napolitano*, 825 A.2d 1 (R.I.2003).

2. In denying plaintiffs' motion, the trial justice relied on Rule 15(b) of the Superior Court Rules of Civil Procedure which deals with amendments to conform to the evidence. The justice found that:

 "Now, the evidence, as I see, it here is that there is no evidence that he was doing anything other than acting within the scope of his authority as a patrol officer. He may have been negligent and that is for the jury to decide. But, he certainly was not acting outside the scope of his authority, and had this matter been pled suing Officer Perry individually and under the concept that I have just described, it would be subject and ripe for dismissal at a motion after the close of all evidence. And, I would have granted it on the basis of the evidence. So, the motion is respectfully denied to amend the complaint for all those reasons."

3. The record is silent as to the resolution of Karen Andrade's claim for property damages.

4. "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Super.R.Civ.P.59(e).

5. The Plaintiffs sought prejudgment interest pursuant to G.L.1956 § 9–21–10(a) which provides:

 "In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein."

interest benefiting the town was inapplicable to Perry. In opposing the motion, defendant argued that this Court's recent holding in *Feeney v. Napolitano*, 825 A.2d 1 (R.I.2003) prohibited the imposition of prejudgment interest against municipal employees when the lawsuit arose from acts performed in the course of their official duties.

Ruling defendant's reliance on *Feeney* misplaced, the trial justice granted plaintiff's motion to add statutory interest against Perry. The defendant timely appealed. On appeal, the defendant contests only the portion of the Superior Court judgment assessing prejudgment interest against defendant Perry. The defendant contends that prejudgment interest may not be added to a judgment against a police officer acting within the scope of his official duties. To do so, he argues, would contravene the Governmental Tort Liability Act, G.L. 1956 chapter 31 of title 9, and expose municipalities to excess judgments and prejudgment interest. Perry further maintains that plaintiff's complaint was insufficient to give him notice that he was being sued in his individual capacity.

6. We would like to extend the Court's gratitude to the amici for their insightful and informative friend-of-the-court briefs. We appreciate the contributions of both the Attorney General and the Rhode Island Trial Lawyers Association, and we encourage others to file amicus curiae briefs on issues of interest to them.

7. General Laws 1956 chapter 31 of title 9, otherwise known as the Governmental Tort Liability Act, states the following:
"The state of Rhode Island and any political subdivision thereof, including all cities and towns, shall * * * hereby be liable in all actions of tort in the same manner as a private individual or corporation; provided, however, that any recovery in any such action shall not exceed the monetary limitations thereof set forth in this chapter." Section 9–31–1(a).

## Standard of Review

■ In this appeal, the parties agree as to all operative facts, and this Court is presented only with pure questions of law. It is well established that questions of law "are reviewed *de novo* by this Court." *Perry v. Garey*, 799 A.2d 1018, 1023 (R.I. 2002) (quoting *Associated Builders & Contractors of Rhode Island, Inc. v. Department of Administration*, 787 A.2d 1179, 1184 (R.I.2002)).[6]

## Analysis

### I

### *Andrade* and its Offspring

The issue of whether prejudgment interest applies in actions against the state was one of first impression for this Court in *Andrade v. State*, 448 A.2d 1293 (R.I.1982). There, the plaintiff sued the state for negligence after her son, a resident of the Rhode Island Training School, was killed in a fire at the institution. Although the trial justice awarded damages within the limits of the Governmental Tort Liability Act,[7] prejudgment interest was also added, resulting in a recovery for the plaintiff that far exceeded the statutory tort liability

"In any tort action against the state of Rhode Island or any political subdivision thereof, any damages recovered therein shall not exceed the sum of one hundred thousand dollars ($100,000); provided, however, that in all instances in which the state was engaged in a proprietary function in the commission of the tort * * * the limitation on damages set forth in this section shall not apply." Section 9–31–2.
"In any tort action against any city or town or any fire district, any damages recovered therein shall not exceed the sum of one hundred thousand dollars ($100,000); provided, however, that in all instances in which the city or town or fire district was engaged in a proprietary function in the commission of the tort, the limitation of damages set forth in this section shall not apply." Section 9–31–3.

limit applicable to the state. *Id.* at 1294. On appeal, this Court looked to the language of the act, and held that because the legislation effectively waived the common law concept of sovereign immunity for tort damages claimed against the state, that statute should be strictly construed. We held that interest is not an element of damages, and because the act "expressly and consistently refers to the liability of the state in terms of damages only," interest would not be added to judgments against the state. *Id.* at 1295.

In *Matarese v. Dunham,* 689 A.2d 1057 (R.I.1997), this Court relied on *Andrade* to affirm a Superior Court judgment barring prejudgment interest against the City of Providence. *Id.* at 1058. After an automobile accident with a city employee, the plaintiff sued both the driver and the city under the theory that "in cases wherein the state is performing a proprietary function," prejudgment interest may be appropriately awarded.[8] *Id.* (quoting *Lepore v. Rhode Island Public Transit Authority,* 524 A.2d 574, 575 (R.I.1987)). The plaintiff argued that the defendant's operation of a motor vehicle was a proprietary function because it easily could have been performed by a private person under ordinary circumstances. We disagreed and held that because the defendant was a city employee who was responsible for the maintenance of government buildings and who was on call and driving a city-owned car at the time of the accident, he was engaged in a governmental, rather than proprietary, function. This Court concluded that "[b]ecause the activity in question was governmental, the claim against the city was covered by the limitations contained in § 9–

31–3 of the Tort Claims Act." *Matarese,* 689 A.2d at 1058.

With the law clearly established that prejudgment interest did not apply to the state and municipalities, the question then arose as to who, exactly, should be entitled to benefit from this immunity. In the seminal case of *Pridemore v. Napolitano,* 689 A.2d 1053, 1056 (R.I.1997), this Court held that "the exemption from prejudgment interest for municipalities that we recognized in *Andrade* and that derived from the residual sovereign immunity that survived the limited waiver of such immunity established by the Governmental Tort Liability Act * * * does not extend to government employees who are liable in tort." In *Pridemore,* the plaintiff suffered injuries as a result of a collision between the car in which she was a passenger and a city-owned vehicle operated by a Providence police officer on his way to work. The plaintiff sued both the city and the officer.[9] A verdict was rendered in the plaintiff's favor and against both the city and the officer. The trial court excluded prejudgment interest with respect to the city, but added it to the judgment against the officer. *Id.* at 1055. In his appeal, the officer argued that because the city would not be liable for prejudgment interest, he should not be either, reasoning that under Rhode Island law, "a master and servant or principal and agent shall be considered a single tortfeasor," and that the principal's immunity extends to its agent and shields them both from an assessment of prejudgment interest. *Id.* at 1056 (quoting G.L.1956 § 10–6–2). This Court did not agree with defendant's interpretation

8. The Superior Court excluded interest against both the city and the driver. However, because only the exclusion of interest against the city was on appeal, the Court did not consider the correctness of the exclusion of interest against the driver. *Matarese v. Dunham,* 689 A.2d 1057, 1057 (R.I.1997).

9. *Pridemore v. Napolitano,* 689 A.2d 1053 (R.I.1997) is silent on the capacity in which the plaintiff sued the officer.

of the statute, and concluded that the purpose and effect of the above-mentioned language

> "were to unify master and servant or principal and agent for purposes of assigning liability, so that a release of the servant or agent from liability for tortious conduct would serve to release the master or principal whose liability was only derivative, but not to extend to the tortfeasor any special immunity enjoyed by the master or principal." *Id.* at 1056.

After *Pridemore,* this Court addressed a factually similar situation in *Gelsomino v. Mendonca,* 723 A.2d 300 (R.I.1999). In that case, a vehicle driven by an on-duty Central Falls police officer collided with a trailer that was serving temporarily as an elementary school classroom. The plaintiff classroom teacher was injured and sued both the officer and the city. After a jury awarded damages, the court clerk added prejudgment interest, which the trial justice later struck. *Id.* at 301. This Court found the trial justice's preclusion of prejudgment interest against the defendant police officer to be in contravention with *Pridemore,* and reiterated that "the police officer is not entitled to the residual effect of sovereign immunity recognized by this Court in *Andrade* * * *." *Id.* at 303. As in *Pridemore,* this Court's discussion in *Gelsomino* neither rested on nor referred to the capacity in which the officer was sued.

Despite the clarity of our previous holdings, defendant Perry invites us to revisit this issue and hold that public employees share immunity from prejudgment interest when found liable for tortious conduct in the performance of their duties. In doing so, defendant advances a two-pronged argument based upon public policy grounds as well as our recent holding in *Feeney.*

## II

### The Public Policy Argument

 General Laws 1956 § 45–15–16 provides in pertinent part that:

> "Any town or city council or any fire district may, by ordinance or otherwise, indemnify any and all elected or appointed fire district officials, public employees, fire district employees, officials, members of boards, agencies and commissions appointed by town councils or any fire district or by any other person exercising appointing authority delegated to them by the town council; whether or not the elected or appointed fire district officials, employees, officials, or members are paid, from all loss, cost, expense, and damage, including legal fees and court costs, if any, arising out of any claim, action, compromise, settlement, or judgment by reason of any intentional tort * * *."

The defendant urges upon this Court the proposition that the effect of the indemnification statute is to render the holding in *Andrade* nugatory, because municipalities commonly indemnify employees either through ordinance or collective bargaining agreements. Therefore, he argues, the net result is the very responsibility for prejudgment interest that *Andrade* prohibits. However, it is clear from the language of the indemnification statute that municipalities are not mandated to pay judgments rendered against their employees.

 Although § 45–15–16 provides that "[a]ny town or city council or any fire district *may,* by ordinance or otherwise, indemnify any and all elected or appointed fire district officials, public employees * * *," defendant argues that the municipal principal ultimately is responsible for paying the judgments of its agents. (Emphasis added.) When applying the plain

meaning rule, this Court has previously stated that the word "may" connotes permission. *In re Barnacle*, 623 A.2d 445, 450 (R.I.1993). "May" is not synonymous with "must." It is precatory, not mandatory, language. *See id.* Therefore, the statute neither provides an employee with the right to indemnification nor orders indemnification to take place.

As additional weight for his argument, defendant presents the collective bargaining agreement between the Town of South Kingstown and the International Brotherhood of Police Officers, in which the town agrees to indemnify officers sued as the result of actions performed in the course of their duties. However, this state's labor laws do not impose a compulsory indemnification duty on the municipality sufficient to bring the *tortfeasor's* liability under the umbrella of either the Governmental Tort Liability Act or prejudgment interest immunity. In the collective bargaining context, the municipality is liable to indemnify its employees only if it agrees to do so in the process of securing a labor agreement.

We are not satisfied that the application of prejudgment interest to judgments against individual tortfeasors who happen to be state or municipal employees frustrates or contravenes the purpose of the Governmental Tort Liability Act. Enacted in 1970 to abolish sovereign immunity in Rhode Island, the act now limits damages against the state and its municipalities to $100,000. Sections 9–31–2, 9–31–3, as enacted by P.L. 1970, ch. 181, § 2. However, the cap does not apply to individual tortfeasors, nor does it apply when the state voluntarily indemnifies its employees. When an individual is found to be negligent, his own liability does not disappear simply by virtue of his status as a state or municipal employee. Therefore, the limitations of the Governmental Tort Liability Act are not implicated. In summary, there is no public policy argument that would justify our abandonment of the principles set out in *Pridemore* and *Gelsomino*.

## III

### Specificity of Pleadings

■ The second prong of defendant's appeal involves the capacity in which he was sued. The defendant contends that this Court's decision in *Feeney* either alters the existing law concerning the applicability of prejudgment interest to municipal employees who are liable in tort, or, if the law remains the same, stands for the proposition that individual capacity must be pled specifically before prejudgment interest may be added to a damage award.

*Feeney* dealt with a fact pattern similar to that of the instant case. In *Feeney*, a snow plow driver employed by the Providence Department of Public Works struck a pedestrian. The pedestrian sued both the driver and the City of Providence. The trial justice found the employee to be liable and ordered both the employee and the city to pay damages. Prejudgment interest was assessed only against the driver. On appeal, this Court found that the driver/city employee was not liable for damages because he had been sued in his official capacity. *Feeney*, 825 A.2d at 2. Therefore, we determined that damages were recoverable from the city only. *Id.* at 6. Despite defendant's claim that "the *Feeney* court found that there was no individual liability where a city snowplow operator has an accident in the course of his duties," the *Feeney* decision made no such pronouncement. Although this Court determined that neither damages nor prejudgment interest should be assessed against the municipal employee in that case, we did not modify or reverse the law as established in *Andrade* and *Pridemore*. *Feeney* paves no new ground in the prejudgment interest field. Rather, this

Court held the employee not liable for damages because he was sued only in an official capacity.

 "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Capital Properties, Inc. v. State,* 749 A.2d 1069, 1081 (R.I.1999) (quoting *Will v. Michigan,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). Therefore, "[c]apacity is critical to the damage award because in an official-capacity suit damages are limited by the Government[al] Tort Liability Act," *Feeney,* 825 A.2d at 4, and governmental immunity prevents the imposition of prejudgment interest against the city. On the other hand, in an individual capacity suit there is no limitation on damages, and prejudgment interest applies. *See id.* In *Feeney,* this Court relied on the language of the plaintiff's complaint, which clearly indicated her intent to sue the defendant only in his official capacity. In fact, this Court stated, "we refuse to allow plaintiff to benefit from her own poor drafting, and [defendant] to be punished by the same." *Id.* at 5. Therefore, the plaintiff could recover only from the city, subject to the limitations of the Governmental Tort Liability Act, and not from the city employee.

 In the instant appeal, the evidence is equally clear that plaintiff *did not* sue defendant in his official capacity. Instead plaintiff's complaint names "David B. Perry and Alan Lord, in his capacity as Finance Director of the Town of Kingstown," as defendants, and alleges the negligence of Perry, "the operator of a vehicle owned by the Town of South Kingstown." Likewise, plaintiff's interrogatories are directed to "the Defendant, David B. Perry." Nowhere is there any indication of, or reference to, official capacity as it relates to Perry, and there are no facts to support an inference of official capacity. Additionally, "the general rule is that if a defendant wishes to contest his or her capacity to be sued individually, he or she must do so in the form of an affirmative defense according to Rule 9(a)." *Feeney,* 825 A.2d at 4; *see also* Super.R.Civ.P. 9(a). The defendant in *Feeney* was not required to contest his capacity to be sued individually primarily because the plaintiff's complaint made it clear that she intended to sue the defendant only in his official capacity. *Feeney,* 825 A.2d at 4. This was not the case here. Perry had ample opportunity to contest the contents of the complaint and he failed to do so.

Unquestionably, Perry was not sued in his official capacity. Yet, in his appeal, defendant contends that "individual capacity was not pled and cannot be inferred," and as a result, plaintiff should not be awarded prejudgment interest. The defendant relies on federal civil rights cases for the proposition that personal capacity may not be inferred unless specifically asserted in a plaintiff's pleadings. With respect to civil rights suits filed under 42 U.S.C § 1983, some federal courts do not require capacity to be specifically pled, but rather "look to 'the substance of the plaintiff's claim, the relief sought, and the course of proceedings to determine the nature of a § 1983 suit when a plaintiff fails to allege capacity.'" *Pieve–Marin v. Combas–Sancho,* 967 F.Supp. 667, 669 (D.Puerto Rico 1997). Conversely, others require "that plaintiffs must expressly state whether they are suing the defendants in their individual capacities; otherwise, it is presumed that they are not." *Id.* at 670. Within the First Circuit, the District Court of Puerto Rico has adopted the former view, while the District Court of Rhode Island has aligned itself with the latter. *See Charron v. Picano,* 811 F.Supp. 768 (D.R.I.1993).

 Moreover, *Feeney* does not stand for the proposition that capacity must be

stated in the pleadings. It simply holds that when a suit clearly is brought against an employee in his official capacity, prejudgment interest does not apply. As this Court discussed in *Feeney,* the Superior Court Rules do not require a plaintiff to specify capacity in her complaint. *Feeney,* 825 A.2d at 4. Rule 9(a) of the Superior Court Rules of Civil Procedure provides that:

> "It is not necessary to aver the capacity of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

This Court utilizes a liberal pleading rule, and "has recognized the sufficiency of complaints even when the claims asserted within those complaints lack specificity." *Konar v. PFL Life Insurance Co.,* 840 A.2d 1115, 1118. (R.I.2004). We therefore hold that it was not necessary for the plaintiff to specifically state in his complaint that the defendant was being sued in an individual capacity in order to assess prejudgment interest on the judgment against him.

### Conclusion

Accordingly, and for the foregoing reasons, the appeal by Perry is denied and dismissed and the judgment appealed from is affirmed. The papers of this case are remanded to Superior Court.